EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
 STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

GRAHAM M. HOERAUF, CA Bar No. 307649
graham.hoerauf@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
 STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendants
AUTOZONERS LLC and AUTOZONE
DEVELOPMENT LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITNEY ALONDRA CHABELA, an individual; DIANA VEGA, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>AUTOZONERS LLC, a Limited Liability Company; AUTOZONE DEVELOPMENT LLC, a Limited Liability Company; and DOES 1-50,<br><br>Defendants. | Case No. TBD<br><br>**DEFENDANTS AUTOZONERS LLC AND AUTOZONE DEVELOPMENT LLC'S PETITION AND NOTICE OF REMOVAL**<br><br>[*Filed concurrently with Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Notice of Related Case; and Declarations of Jesus Bermea, Patrick Johnson, and Graham Hoerauf*]<br><br>Complaint Filed: December 2, 2021<br>Trial Date:      None<br>District Judge:  Hon. TBD |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION, TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants Autozoners, LLC ("Autozoners") and AutoZone Development, LLC ("Autozone Development") (collectively, "AutoZone") hereby remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332 and 1441(b) on the grounds that complete diversity of citizenship exists between Plaintiffs Whitney Alondra Chabela ("Chabela") and Plaintiff Diana Vega (a.k.a Diane Segoviano or "Vega" ) (collectively, "Plaintiffs"). Plaintiffs are citizens of California, while AutoZoners is a citizen of Nevada and Tennessee, and AutoZone Development is a citizen of a citizen of Nevada and Tennessee.  As expressly set forth in the Complaint, the amount in controversy exceeds the jurisdictional minimum of $75,000, as required by section 1332(a).  The foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds:

## I.      The State Court Action

1.      On December 2, 2021, Plaintiffs filed an action against Defendants entitled "Whitney Alondra Chabela, an individual; Diana Vega, an individual v. Autozoners, LLC, a limited liability company; Autozone Development, LLC, a limited liability company; and DOES 1-50" in Los Angeles Superior Court, Case Number 21CHCV00918.

2.      On December 14, 2021, Plaintiffs served each of Autozoners' and AutoZone Development's agents for service of process, CT Corporation System, with the following documents: a document entitled "Process Servire Delivery Details"; Summons; Complaint for Damages with Demand for Jury Trial; Civil Case Cover Sheet and Addendum; and Notice of Case Assignment – Unlimited Civil

Case. A true and correct copy of the Complaint and all related documents served on each of the Defendants are attached as **Attachment A**.

3. On December 6, 2022, the Los Angeles Superior Court issued a "Notice of Case Management Conference." On December 28, 2022, Plaitniff filed two separate "Proof of Personal Service" documents purporting to have served the aforemention Notice of Case Manager Conference" on each Defendant. A true and correct copy of all documents appearing on the Los Angeles Superior Court Docket as of January 11, 2022, incuding the Notice of Case Management and two proofs of service, are attached as **Attachment B**.

4. The Complaint alleges that Plaintiffs were not paid all wages owed and were sexually harassed by a customer while working for Defendants. Specifically, Plaintiffs assert the following causes of action: (1) hostile work environment/sexual harassment; (2) failure to prevent harassment; (3) intentional infliction of emotional distress; (4) failure to pay timely wages; (5) failure to pay compensation due upon termination; (6) failure to provide accurate wage statements; (7) failure to provide rest break; (8) failure to provide meal break; and (9) unfair competition. *See* Compl., generally.

5. On January 12, 2022, Defendants filed their Answer in Los Angeles County Superior Court ("Answer".) A true and correct copy of the Answer is attached hereto as **Attachment C**.

**II.     Removal is Timely**

6. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"); *Murphy Bros., Inc. v. Michetti Pipe Stringing,*

/ / /

1  *Inc.*, 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger
2  removal period).

3      7.    Defendants were each served with the complaint on December 14, 2021
4  (Exhibit A). Here, the removal is timely because Defendants are filing this Notice of
5  Removal within thirty (30) days of when service on Defendants was completed. *See*
6  Fed. R. Civ. P. 26.

### III. Complete Diversity Exists Between the Parties

8.    **Plaintiffs are Citizens of California.**  For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

9.    Chabela worked for AutoZoners from approximately January 27, 2021 through August 30, 2021 (which was the last day she reported to work with AutoZoners. *See* Declaration of Jesus Bermea ("Bermea Decl."), ¶ 4. Throughout her employment with AutoZoners, Chabela worked within California. *Id.* at ¶ 6. Throughout her employment, Chabela was required to provide her residential address to AutoZoners. *Id.* at ¶ 4. Chabela maintained a residential address with California. *Id.* Chabela also alleges she resided and worked in Los Angeles, California at all times relevant to the Complaint. Compl., ¶¶ 3, 5. Therefore, according to Chabela's own allegations and AutoZoners' business records, Chabela is a resident of California for purposes of diversity jurisdiction.

10.    Vega worked AutoZoners from approximately January 20, 2020 through August 17, 2021. Bermea Decl., ¶ 5. Throughout her employment with AutoZoners, Vega worked within California. *Id.* at ¶ 6. Throughout her employment, Vega was required to provide her residential address to AutoZoners. *Id.* at ¶ 5. Vega maintained a residential address with California. *Id.* Vega also

/ / /

alleges she resided and worked in Los Angeles, California at all times relevant to the Complaint. Compl., ¶¶ 3, 5.

11. Therefore, according to Vega's own allegations and AutoZoners' business records, Vega is a resident of California for purposes of diversity jurisdiction.

12. **Defendants Are Not Citizens of California**. AutoZoners and AutoZone Development are now, and were at the time of filing this action, citizens of states other than California. See Declaration of Patrick Johnson ("Johnson Decl."), ¶¶ 3-4. For diversity purposes, the citizenship of a limited liability company is determined by examining the citizenship of each member of the company. See *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F3d 124, 125-26 (1st Cir. 2011); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F3d 1020, 1021-22 (11th Cir. 2004).

13. AutoZoners and AutoZone Development are both limited liability companies organized under the laws of the State of Nevada. Johnson Decl., ¶¶ 3, 4.

14. AutoZoners is a limited liability company organized under the laws of Nevada and is headquartered in Memphis, Tennessee. *Id*. at ¶ 3. AutoZoners sole member is AutoZone Investment Corporation, which is incorporated in the State of Nevada and is headquartered in Memphis, Tennessee. *Id*.

15. AutoZone Development is a limited liability company organized under the laws of Nevada and is headquartered in Memphis, Tennessee. *Id*. at ¶ 4. AutoZone Development does not employ any individuals that work in retail stores in California and, instead, it manages and leases real estate properties. *Id*. However, it has not managed any properties in California since 2014. *Id*. AutoZone Development's sole member is AutoZone Investment Corporation, which, as stated above, is incorporated in Nevada with a principal place of business in Tennessee. *Id.*

16. Therefore, according to Defendants' business records, AutoZone Development and AutoZoners are each citizens Tennesse and Nevada for purposes

of diversity jurisdiction.  There is complete diversity of citizenship between Plaitniffs and Defendants.

17. **The Citizenship of "Doe Defendants" Must be Disregarded.** The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a).  The inclusion of "Doe" defendants in a state court complaint has no effect on removability; only the named defendants are considered for diversity purposes. *Newcombe v. Adolf Coors Co.*, 157 F. 3d 686, 690-91 (9th Cir. 1998).

18. **Jurisdiction is Proper in this Court.** This Court has jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), in that, Plaintiff is a citizen of California and neither of the Defendants are citizens of California.  Therefore, complete diversity among the parties exists now, and did so at the time of the filing of the Complaint on December 2, 2021.

**IV. The Amount in Controversy Exceeds an Aggregate of $75,000, Exclusive of Interest and Costs**

19. This Court has original jurisdiction over the case pursuant to United States Code, Title 28, Sections 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000 minimum, exclusive of interest and costs.

20. Here, this Court's jurisdictional minimum of an amount in controversy in excess of $75,000 was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below.

21. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claim exceeds $75,000. *Sanchez v. Monumental Life Insurance Co.*, 102 F. 3d 398. 403-04 (9th Cir. 1996). A defendant need only establish, by a preponderance of the evidence, that the plaintiff's jurisdictional claims exceed the jurisdictional minimum.  *See Valdez v. Allstate Insurance Co.*, 372 F. 2d 1115, 1117 (9th Cir. 2004).

/ / /

22. In determining whether the jurisdictional minimum has been met, the Court should consider all recoverable damages, including compensatory damages, emotional distress damages, attorney's fees, statutory penalties, and punitive damages. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). The proper calculation of these damages include those that can reasonably be anticipated at the time of removal - not merely those already incurred. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal").

23. Here, Defendants satisfy their burden to establish the jurisdictional minimum is met. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("In measuring the amount in controversy, a court must 'assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint.'"). Congress has provided clarification for determining the amount in controversy in cases removed from state court. *See* The Federal Courts Jurisdiction and Venue Clarification Act of 2011, Act of December 7, 2011, § 103(a), Pub. L. No. 112-63 (H.R. 394), 125 Stat. 758 (2011). Specifically, it is now codified that the sum demanded in a plaintiff's initial pleading is the amount in controversy for purposes of removal. *Id.*; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'").

/ / /

24. Where the state complaint alleges on its face an amount in controversy that meets the federal jurisdictional threshold, courts regularly find the amount in controversy requirement satisfied. *See Hill v. Hill–Love*, 509 Fed.Appx. 605, 606 (9th Cir. 2013) (ignoring plaintiff's "belated attempt to avoid federal jurisdiction" and denying motion to remand where state complaint expressly alleged damages exceeding $100,000); *Perez v. Hermetic Seal Corp.*, 2016 WL 5477990, at *2 (C.D. Cal. Sept. 27, 2016) (denying motion to remand where state complaint included $250,000 demand, despite plaintiff's argument that it was a typographical error and he intended to seek only $25,000); *Wilder v. Bank of Am.*, N.A., 2014 WL 6896116, at *4 (C.D. Cal. Dec. 5, 2014) ("In her complaint, Wilder seeks damages of 'not less than $1,500,000.' Wilder cannot simply disavow this allegation that was included in her state court complaint."); *Woodard v. Wells Fargo Bank, N.A.*, 2014 WL 3534086, *2 (C.D. Cal. July 16, 2014) (denying a motion to remand because "[t]he amount in controversy exceed[ed] $75,000 as evidenced by Woodard's prayer for relief of $1,500,000 in the Complaint"); *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.,* 2008 WL 5046059, *3 (E.D. Cal. Nov. 21, 2008) (denying a motion to dismiss for lack of subject matter jurisdiction because "it [did] not appear to a legal certainty that BNSF's claims are really for less than $75,000"); *Acosta v. Evergreen Moneysource Mortgage Company*, 2017 WL 3433205, *2 (E.D. Cal. Aug. 10, 2017) (collecting cases). In short, where a complaint in a diversity jurisdiction case expressly seeks damages beyond $75,000, remand based on the amount in controversy is rarely appropriate.

25. Here, Plaintiffs expressly seek to recover general and special damages, including lost earnings and wages, emotional distress, attorney's fees and costs, penalties and punitive damages. *See* Compl. ¶¶ 43, 56, 61, 70-71, 81-82, 89, 99, 112, and Prayer for Relief ¶¶ 1-7. In fact, Plaintiffs have specifically alleged "general damages of approximately $2,500,000," "special damages of approximately $500,000," and "punitive damages of approximately $2,500,000." *See* Compl.,

Prayer for Relief ¶¶ 1-3. Therefore, on its face, Plaintiffs' Complaint greatly exceeds the $75,000 amount in controversy requirement by seeking a specific sum of at least $5.5 million.

26.   Even if Plaintiffs had not specifically alleged damages in excess of the statutory minimum, the amount in controversy would still exceed $75,000.  Based on the other allegations in the Complaint, Defendants' conservative, good faith estimate of the value of this action if Plaintiffs prevail and recovers the damages that they seek is well in excess of $75,000.  Specifically, Defendants estimate the Plaintiffs alleged emotional distress damages, punitive damages, and attorneys' fees as follows:

27.   **Emotional Distress Damages.**  Plaintiffs allege that, as a result of Defendants' actions, they have suffered emotional distress.  *See, e.g.,* Compl., ¶ 54. Unspecified mental and emotional distress damages are properly considered in calculating the amount in controversy.  *See Simmons, supra*, 209 F.Supp.2d at 1031–35.

28.   To establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts.  *See Simmons, supra*, 209 F.Supp.2d at 1033 (permitting jury verdicts to be introduced in order to establish the amount of damages at issue for purposes of removal); *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 U.S. Dist. LEXIS 15801, *4 (N.D. Cal. 1999).  In California, courts have awarded substantial damages for emotional distress in employment cases for sexual harassment. *See, e.g., Megan Meadowcroft, et al. v. Silverton Partners, Inc., et al.* 2019 WL 7500400, Case No. BC633239 (Los Angeles Sup. Ct. 2018) (imposing $2,500,000 award for past and future non-economic damages, including emotional distress); *see also Khan v. Hologram USA Inc., et al.*, 2019 WL 8437091, Case No. BC654017 (Los Angeles Sup. Ct. 2019) (imposing $8,000,000 for past and future economic damage and emotional distress.); *Hamilton v. First Transit*, 2003 WL 22850502, Case No.

BC262304 (Los Angeles Sup. Ct. 2003) ($300,000 emotional distress award in sexual harassment case); *Oliveras v. Dason*, 2016 WL 1237910, Case No. CIVDS-13-00810 (San Bernardino Sup. Ct. 2016) (imposing $1,000,000 emotional distress award in sexual harassment case); *Beasley v. East Coast Foods Inc. d/b/a Roscoe's House of Chicken N' Waffles*, 2015 WL 5678367, Case No. BC509995 (Los Angeles Sup. Ct. 2015) (awarding $1,500,000 in compensatory pain and suffering damages in sexual harassment lawsuit); *Moran v. Shah*, 2013 WL 4905337, Case No. INC087504 (Riverside Sup. Ct. 2013) (issuing $250,000 emotional distress award).

29.     Therefore, if Plaintiffs were to prevail at trial, they potentional may be awarded a substantial amount of emotional distress damages in addition to any award for lost wages and benefits well in excess of $75,000.

30.     **Punitive Damages.** Plaintiffs' also seek recovery for punitive or exemplary damages. *See, e.g.*, Compl. ¶ 42. "Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Simmons*, *supra*, 209 F.Supp.2d at 1033 (court may consider punitive damages recoverable under FEHA when determining the amount in controversy).

31.     California courts have awarded plaintiffs significant punitive damages in employment actions brought under the California Fair Employment and Housing Act ("FEHA.")  *See, e.g., Olivera, supra*, 2016 WL 1237910 (imposing $100,000 punitive damage award in sexual harassment case); *Hamilton, supra*, 2003 WL 22850502, ($375,000 punitive damages award in sexual harassment case); *Vaughn v. Lalama*, 2002 WL 1793685, Case No. CIV194895 (Ventura Sup. Ct. 2002) ($1,000,0000 punitive damage award in sexual harassment case); *Astor v. Rent-A-Center Inc.*, 2005 WL 3642190, Case No. 03AS04864 (Sacramento Sup. Ct. 2005)

($1,000,000 punitive damages award in sexual harassment case); *Moran*, 2013 WL 4905337 ($1,000,000 punitive damages award).

32. Indeed, in *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2004), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "single-digit multipliers are more likely to comport with due process."

33. Therefore, if Plaintiffs were to prevail at trial, they could be awarded a substantial amount of punitive damages well in excess of $75,000, which must be taken into consideration in evaluating the amount-in-controversy requirement for purposes of removal.

34. **Attorneys' Fees.** Attorney's fees may also be included in the amount in controversy if recoverable by statute or contract. *Galt G/S, supra*, 142 F.3d at 1155-56. Attorney's fees are recoverable as a matter of right to the prevailing party under the FEHA. *See* Cal. Gov. Code § 12965.

35. Here, Plaintiffs seek attorneys' fees under FEHA pursuant to the California Government Code and under the Labor Code. *See, e.g.*, Compl. ¶¶ 43, 89.

36. Courts have awarded far in excess of $75,000 in attorney's fees in FEHA cases, including those with allegations of sexual harrasment. *See, e.g., Salvaterra v. Taco Hut Mexican Grill*, Case No. CIVDS1410925 (San Bernardino Cty. Super. Ct.) (awarding attorney's fees of $578,340 in FEHA case); *Beasley, supra*, 2015 WL 5678367 (awarding attorney's fees of $1,514,140 in sexual harassment FEHA case jury verdict); *Astor, supra*, 2005 WL 3642190 (awarding attorney's fees of $924,982 in sexual harassment FEHA case jury verdict, which includes a multiplier of two); *Sazonova v. Security Marketing Concepts, Inc.*, 2011 WL 4377947, Case No. 30-2009-00315713 (Orange County Sup. Ct. 2011) (awarding $277,475 in attorneys' fees and costs); *Orlando v. Carolina Casualty Ins.*

/ / /

*Co.*, 2011 WL 7920642, Case No. 06-CECG-03839 (Fresno County Sup. Ct. 2011) (imposing approximately $200,000 attorney fee award in sexual harassment case).

37. Defendants anticipate multiple depositions being taken in this case, including both plaintiffs, and that Defendants each will file separate Motions for Summary Judgment. Based on defense counsel's experience, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. *See* Hoerauf Decl. at ¶ 3, Ex. A.

38. Accordingly, based on a good faith estimate of the value of the claims asserted on the face of the Complaint, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction. *See, e.g., Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Simmons, supra*, 209 F. Supp. 2d at 1031-1035 (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney's fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction, even though Plaintiff had only specified $13,000 in damages from lost income at the time of removal); *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261 (E.D. Cal. 2017) (finding that pregnancy discrimination claim praying for economic damages and unspecified emotional distress, punitive damages, and attorney's fees satisfied the amount in controversy required to establish diversity jurisdiction, even though the plaintiff had only incurred $27,027 in lost wages at the

time of removal).

39. This Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interest and costs.

## V. The Requirements of 28 U.S.C. § 1446 Are Met

40. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Los Angeles is located within the Central District of California. Therefore, venue is proper in this Court, pursuant to 28 U.S.C. 84(c), because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

41. In accordance with 28 U.S.C. § 1446(b), Defendants' Notice of Removal was filed within 30 days after service of the Complaint.

42. In accordance with 28 U.S.C. § 1446(a), Attachments A through C, attached hereto, contain copies of all process, pleadings, and orders served upon Plaintiff, Defendants, or the Court.

43. In accordance with 28 U.S.C. § 1446(d), Defendants will give written notice of the original removal of this action to Plaintiffs via their counsel and file a copy of that Notice with the Superior Court of California, Los Angeles County.

44. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that the Court issue an Order to Show Cause so that Defendants may have an opportunity to more fully brief the basis for this removal.

/ / /
/ / /
/ / /
/ / /
/ / /

## VI. Conclusion

45. Defendants respectfully remove the above-referenced action to this Court.

DATED: January 13, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Graham Hoerauf
Evan R. Moses
Graham M. Hoerauf

Attorneys for Defendants
AUTOZONERS LLC and AUTOZONE DEVELOPMENT LLC