# Attachment A



# PROCESS SERVER DELIVERY DETAILS

**Date:**                 Tue, Dec 14, 2021

**Server Name:**       Ramiro Saucedo

| Entity Served | AUTOZONE DEVELOPMENT LLC |
|---|---|
| Case Number | 21CHCV00918 |
| Jurisdiction | CA |



Electronically Filed by Superior Court of California, County of Los Angeles on 12/02/2021 02:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Vargas, Deputy Clerk

21CHCV00918

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AUTOZONERS LLC, a Limited Liability Company; AUTOZONE
DEVELOPMENT LLC, a Limited Liability Company; and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WHITNEY ALONDRA CHABELA, an Individual; DIANA VEGA, an
Individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER:<br>*(Número del Caso):*<br>21CHCV00918 |
|---|---|

Chatsworth Courthouse
9425 Penfield Ave., Chatsworth, California 91311

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edgar Martirosyan, MARTIROSYAN PC, 601 S. Glenoaks Blvd. Suite 201, Burbank, CA 91502. 818.528.8700

| DATE:<br>*(Fecha)* 12/02/2021 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by<br>*(Secretario)* M. Vargas | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☑ on behalf of *(specify):* AutoZone Development LLC, a Limited Liability Company<br>under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>☑ other *(specify):* Entity form unknown<br>4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**Attachment A - Page 000015**

Electronically FILED by Superior Court of California, County of Los Angeles on 12/02/2021 02:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Vargas,Deputy Clerk
21CHCV00918
Assigned for all purposes to: Chatsworth Courthouse, Judicial Officer: Stephen Pfahler

Edgar Martirosyan, Esq. (SBN 260250)
Azniv Ksachikyan, Esq. (SBN 200479)
MARTIROSYAN, P.C.
601 S. Glenoaks Blvd., Suite 201
Burbank, CA 91502
Telephone: (818) 528-2700
Facsimile:  (818) 528-8704
Email: em@mpclegal.com
Email: ak@mpclegal.com

Attorney for Plaintiffs,
WHITNEY ALONDRA CHABELA and DIANA VEGA.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES – CHATSWORTH COURTHOUSE

| | |
|---|---|
| WHITNEY ALONDRA CHABELA, an Individual; DIANA VEGA, an Individual | Case No.:  21CHCV00918 |
| | **COMPLAINT FOR DAMAGES:** |
| Plaintiffs, | **(1) HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT [CGC § 12940(j)]** |
| vs. | **(2) FAILURE TO PREVENT HARASSMENT [CGC § 12940(k)]** |
| | **(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | **(4) FAILURE TO PAY TIMELY WAGES [LC § 204 AND IWC WAGE ORDERS]** |
| AUTOZONERS LLC, a Limited Liability Company; AUTOZONE DEVELOPMENT LLC, a Limited Liability Company; and DOES 1-50 | **(5) FAILURE TO PAY COMPENSATION DUE UPON TERMINATION [LC §§ 201 AND 203]** |
| | **(6) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS  [LC § 226]** |
| | **(7) FAILURE TO PROVIDE REST BREAK [LABOR CODE § 226.7 AND IWC WAGE ORDERS]** |
| | **(8) FAILURE TO PROVIDE MEAL BREAK [LC §§ 226.7 AND 512,  AND IWC WAGE ORDERS]** |
| Defendants. | **(9) UNFAIR COMPETITION - BUSINESS AND PROFESSIONS CODE § 17200** |
| | **[DEMAND FOR JURY TRIAL]** |

**COMPLAINT**

1

1       NOW COME Plaintiffs WHITNEY ALONDRA CHABELA ("Plaintiff CHABELA")

2  and DIANA VEGA ("Plaintiff VEGA") (hereinafter collectively referred to as "PLAINTIFFS"),

3  by and through their undersigned counsel, and for their Complaint against Defendants

4  AutoZoners, LLC and Autozone Development LLC (hereinafter referred to as "AUTOZONE")

5  and DOES 1-50, inclusive (hereinafter collectively referred to as "DEFENDANTS") and alleges

6  as follows:

## JURISDICTION AND VENUE

7

8      1.    The Court has personal jurisdiction over the DEFENDANTS because they are

9  residents of and/or do business in the State of California, County of Los Angeles.

10      2.    Venue is proper in this county in accordance with Section 395(a) of California

11  Code of Civil Procedure because DEFENDANTS reside and/or maintain offices and transact

12  business within Los Angeles County, because DEFENDANTS' obligations and liability arise

13  therein, and because the work that is the subject of this action was performed by PLAINTIFFS

14  and their claims/damages alleged herein occurred and/or arose in Los Angeles County.

## THE PARTIES

15

16      3.    Plaintiff CHABELA is an individual who at all relevant times mentioned herein

17  resided in the County of Los Angeles, State of California, and was employed by

18  DEFENDANTS.

19      4.    Plaintiff VEGA is an individual who at all relevant times mentioned herein

20  resided in the County of Los Angeles, State of California, and was employed by

21  DEFENDANTS.

22      5.    PLAINTIFFS are informed and believe and thereupon allege that AUTOZONE

23  was at all times relevant herein doing business in the County of Los Angeles at 13200 Osborne

24  St., Pacoima, California 91331, Plaintiffs' place of employment.

25      6.    At all times relevant herein, DEFENDANTS were PLAINTIFFS' employers,

26  joint employers and/or special employers within the meaning of the Labor Code and Industrial

27  Welfare Commission Order Nos. 7-2001 ("IWC Wage Orders") and are each an "employer or

28  other person acting on behalf of an employer" as such term is used in Labor Code Section 558,

and liable to PLAINTIFFS on that basis.

**COMPLAINT**

Attachment A - Page 000017

7.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the DEFENDANTS named herein as DOES 1-50, inclusive, are unknown to PLAINTIFFS at this time and therefore said Defendants are sued by such fictitious names. PLAINTIFFS will seek leave of Court to amend this Complaint to insert the true names and capacities of said DEFENDANTS when the same become known to PLAINTIFFS. PLAINTIFFS are informed and believe and thereupon allege that each of the DEFENDANTS designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and negligently, wantonly, recklessly, tortuously and/or unlawfully proximately caused the injuries and damages thereby to PLAINTIFFS as herein alleged.

8.     PLAINTIFFS are informed and believe and thereupon allege that DEFENDANTS, and each of them, including those defendants named as DOES 1-50, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940 *et seq.* PLAINTIFFS are further informed and believe and thereupon allege that DEFENDANTS, and each of them, including those defendants named as DOES 1-50, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing PLAINTIFFS harm.

9.     Whenever and wherever reference is made to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

10.    At all times herein mentioned, DEFENDANTS existed under the laws of the State of California, and at all times herein mentioned were authorized to do business in California.

11.    The conduct complained of herein was ratified in the County of Los Angeles, State of California.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12.    On or about September 21, 2021, Plaintiff CHABELA filed timely charges of discrimination and retaliation with the California Department of Fair Employment and Housing

**COMPLAINT**

3

1 ("DFEH") against AUTOZONE.  On or about September 22, 2021, the DFEH issued Plaintiff A

2 Notice of Case Closure and Right to Sue letter.

3       13.    On or about September 21, 2021, Plaintiff VEGA filed timely charges of

4 discrimination and retaliation with the California Department of Fair Employment and Housing

5 ("DFEH") against AUTOZONE.  On or about September 22, 2021, the DFEH issued Plaintiff A

6 Notice of Case Closure and Right to Sue letter.

7 **GENERAL ALLEGATIONS REGARDING SEXUAL HARASSMENT**

8       14.    PLAINTIFFS allege upon information and belief that at all times relevant herein,

9 Defendant AUTOZONE was in the business of selling and distributing auto-parts throughout Los

10 Angeles County.

11       15.    Plaintiff CHABELA was employed by AUTOZONE from January 27, 2021, to

12 August 30, 2021.  Plaintiff CHABELA was a hired as a Commercial Driver (also known as a

13 "Red Shirt") in the Commercial Department of AUTOZONE.  Employees who worked in the

14 Commercial Department worked with AUTOZONE's customers who had commercial accounts

15 with the company.  As a Driver, Plaintiff CHABELA was required to deliver auto-parts to these

16 customers.  Thereafter, she became a Commercial Specialist.  As a Commercial Specialist, she

17 was required to deliver parts, interface, assist and sell products to commercial customer clients.

18       16.    Plaintiff VEGA was employed by DEFENDANT AUTOZONE from sometime in

19 2020, to August 17, 2021.  Plaintiff VEGA was hired to work in the front of the store as a parts

20 salesperson where she dealt with non-commercial customers.  Plaintiff VEGA also assisted the

21 Commercial Department with the commercial customers as she understood that side of the

22 business.

23       17.    In or about February 2021, PLAINTIFFS were continuously subjected to a hostile

24 work environment perpetrated by an AUTOZONE commercial client ("CLIENT").

25 PLAINTIFFS were repeatedly sexually harassed by the CLIENT.

26       18.    CLIENT engaged in hostile, demeaning and sexually abusive conduct such that

27 PLAINTIFFS' working conditions were significantly altered.

28       19.    The harassment consisted of numerous events which took place throughout

PLAINTIFFS' employment.  By way of example, between February 2021 until the

**COMPLAINT**

4

1   PLAINTIFFS' separation of employment, CLIENT made unwanted sexual advances towards
2   PLAINTIFFS both verbally and physically. CLIENT would frequent PLAINTIFFS' place of
3   employment several times a week (sometimes more than once a day). He would get physically
4   close to PLAINTIFFS. He would sniff their hair and bodies, tell them he liked them and
5   compliment their physical attributes. CLIENT would bring gifts for PLAINTIFFS. On a certain
6   occasion, CLIENT touched Plaintiff CHABELA's body by grabbing her and touching her body
7   in the store. This incident was witnessed by third parties in the store. CLIENT also sent
8   numerous videos and photographs of himself in the nude and in the shower (namely, his fully
9   erect penis) to Plaintiff CHABELA. CLIENT bombarded Plaintiff CHABELA with text
10  messages that were grotesque and sexual in nature. On numerous occasions CLIENT told
11  CHABELA that he was in love with her and continuously asked if she loved him. On another
12  occasion, CLIENT attempted to massage and grabbed Plaintiff VEGA at the store while she was
13  assisting in the Commercial Department. This incident was also witnessed by others in the store.

14      20.     The above-described conduct was open, obvious and notorious as the Commercial
15  Department has an open floor plan. All employees work on a single counter and the supervisor
16  is also located in that area. Any and all activity in that area is visible to all employees and
17  customers in the area.

18      21.     Plaintiff CHABELA was also required by her direct managers/supervisors in the
19  Commercial Department to deliver auto parts to CLIENT's home. Each time she made a
20  delivery to the CLIENT's home she was subjected to sexually harassing conduct by CLIENT.
21  Despite expressing her concerns and requesting that she not deliver to CLIENT's home, she was
22  repeatedly told it was her job to do so and constantly sent back to CLIENT's home with
23  deliveries.

24      22.     PLAINTIFFS did not share the CLIENT's feelings or advances. PLAINTIFFS
25  responded to CLIENTS advances and inappropriate comments by informing him that his conduct
26  was inappropriate and unwelcome, yet he continued to harass them.

27      23.     Between March – August 2021, the above-described conduct by CLIENT was
28  brought to AUTOZONE's attention in a number of instances. PLAINITFFS notified the
    commercial managers, the Store Manager, the District Manager, and Human Resources

COMPLAINT

5

1   Department about CLIENT's harassing, inappropriate and offensive conduct.  PLAINTIFFS

2   complained on numerous occasions.  Plaintiff CHABELA notified her direct

3   managers/supervisors about the fact that she did not want to make deliveries to CLIENT's home

4   and that she felt unsafe and uncomfortable doing so.  Irrespective, the CLIENT's behavior was

5   so open and notorious that the above-referenced individuals themselves witnessed CLIENT's

6   sexually harassing behavior, including other AUTOZONE customers.

7           24.     Defendant AUTOZONE failed to investigate and address above-referenced issues

8   in a proper and timely manner.  In fact, at one-point PLAINTIFFS were told by one of the

9   commercial managers that it was PLAINTIFFS' fault that the CLIENT was sexually harassing

10  them.

11          25.     Plaintiff CHABELA began to experience post traumatic stress as a result of

12  CLIENT's conduct.  Plaintiff CHABELA asked for a transfer to a different location, but was told

13  by the District Manager that if he transferred she would be demoted with a pay cut.  Plaintiff

14  CHABELA also requested a short leave of absence to deal with the emotional distress and

15  anxiety she was experiencing as a result of CLIENT's conduct and AUTOZONE's failure to

16  address the issue but AUTOZONE denied her request.

17          26.     PLAINTIFF CHABELA was eventually transferred to a different location, but

18  soon realized that she was being referred to as the girl who had been transferred because she was

19  molested.  These characterizations were a further emotional trigger for her.  Ultimately, she was

20  forced to quit her position on August 30, 2021.

21          27.     As a result of the aforementioned conduct of DEFENDANTS, PLAINTIFFS have

22  suffered damages in an amount to be determined at trial.  As a further result of the

23  aforementioned conduct of DEFENDANTS, Plaintiffs have suffered emotional distress, anxiety,

24  sleeplessness, and embarrassment.

25  ///

26  ///

27  ///

28  ///

///

**COMPLAINT**

6

**GENERAL ALLEGATIONS REGARDING WAGE AND HOUR VIOLATIONS**

28.     At all relevant times herein PLAINTIFF CHABELA was employed by DEFENDANT AUTOZONE as a Commercial Driver and/or Commercial Specialist.

29.     At all times relevant herein mentioned Plaintiff CHABELA was a nonexempt full-time hourly employees within the meaning of the California Labor Code ("Labor Code") and implementing rules and regulations of the IWC Wage Orders

30.     Plaintiff CHABELA is informed and believes and thereupon alleges that that at all times during her employment with Defendants, all of the hours worked by her were "hours worked" as defined by the IWC Wage Orders.

31.     Throughout her employment, Plaintiff CHABELA was not encouraged to take her regular lunch breaks.  For example, Plaintiff CHABELA would clock out for lunch but be required to work through her lunch break, all with the knowledge of her supervisors.  Plaintiff CHABELA was neither compensated for any work performed during interrupted lunch breaks nor allowed to take an additional break to make up for the missed time.

32.     Throughout her respective employments, Plaintiff CHABELA was not encouraged to take her regular rest breaks.   Additionally, when Plaintiff CHABELA took a rest break she was regularly interrupted by DEFENDANTS during her breaks.  Plaintiff CHABELA was not permitted to take an additional break to make up for the missed time.

33.     Since Plaintiff CHABELA's separation of employment, DEFENDANTS have failed to pay Plaintiff CHABELA for all of the hours she worked.  Moreover, DEFENDANTS have failed to pay Plaintiff CHABELA additional wages for the interrupted meal and rest periods.  Plaintiff CHABELA has been available and ready to receive wages owed to her.

34.     DEFENDANTS further failed to provide Plaintiff CHABELA with accurate itemized statements showing all applicable gross wages earned, and the corresponding number of hours worked by her.

///

///

///

///

**COMPLAINT**

7

**FIRST CAUSE OF ACTION**
**HOSTILE WORK ENVIRONMENT - SEXUAL HARASSMENT**
**(FEHA - Cal. Govt. Code § 12940(j))**
**(By All Plaintiffs Against All Defendants And DOES 1-50)**

35.     PLAINTIFFS incorporate by reference the factual allegations of paragraphs 1 through 28 above.

36.     The above-referenced conduct by CLIENT was unwelcome, directed towards PLAINTIFFS, and was part of an ongoing and continuing pattern of conduct.

37.     The above-referenced conduct caused PLAINTIFFS to perceive their work environment as intimidating, hostile, abusive and/or offensive.

38.     Complaints and/or information about the harassing conduct were made to DEFENDANTS by PLAINITFFS, but the harassment continued.

39.     As a further result of CLIENTS' and DEFENDANTS' actions, PLAINTIFFS suffered emotional distress, resulting in damages to be proven at trial.

40.     The above-referenced harassing conduct violates California Government Code §§ 12940 *et seq.* and California public policy and entitles PLAINTIFFS to all categories of damages.

41.     As a result of DEFENDANTS' and each of their actions, PLAINITFFS sustained economic damages to be proven at trial.

42.     DEFENDANTS' acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate and embarrass PLAINTIFFS, and in conscious disregard of the rights or safety of PLAINTIFFS.  Accordingly, PLAINTIFFS are entitled to recover punitive damages from DEFENDANTS.

43.     By reason of the conduct of CLIENT and DEFENDANTS as alleged herein, PLAINTIFFS have necessarily retained attorneys to prosecute the within action.  PLAINTIFFS are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

///
///
///

**COMPLAINT**

8

**SECOND CAUSE OF ACTION**
**FAILURE TO PREVENT HARASSMENT**
**(FEHA - Cal. Govt. Code § 12940(k))**
**(By All Plaintiffs Against All Defendants AND DOES 1-50)**

44.     PLAINTIFFS incorporate by reference the factual allegations of paragraphs 1 through 43 above.

45.     In violation of California Government Code § 12940 et seq., DEFENDANTS, and each of them, failed to take all reasonable steps necessary to prevent harassment against PLAINTIFFS.

46.     In perpetrating the above-described conduct, DEFENDANTS engaged in a pattern, practice, policy and custom of harassment.  Said conduct on the part of DEFENDANTS constituted a policy, practice, tradition, custom and usage which denied Plaintiff protection of California Government Code § 12940 et seq.

47.     At all relevant time periods, DEFENDANTS, and each of them, failed to make an adequate response and investigation into the conduct of CLIENT and PLAINTIFFS direct managers/supervisors and the aforesaid pattern and practice, and thereby established a policy, custom, practice or usage within the organization of DEFENDANTS, which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in harassment towards PLAINTIFFS.

48.     DEFENDANTS, and each of them, knew or reasonably should have known that the failure to take proper steps to prevent the sexual harassment by CLIENT would result in further harassment to PLAINTIFFS.

49.     The failure of DEFENDANTS, and each of them, to take adequate steps to prevent the sexual harassment of PLAINITFFS constituted deliberate indifference to the rights of employees, including but not limited to those of PLAINTIFFS, under California Government Code § 12940 et seq.

50.     DEFENDANTS did not have adequate harassment policy and did not provide adequate sexual harassment training with respect to their employees and managers.

51.     DEFENDANTS knew or reasonably should have known that the failure to provide adequate education, training, and information as to their personnel policies and practices

COMPLAINT

9

1  regarding sexual harassment, would result in sexual harassment against employee including but

2  not limited to PLAINTIFFS.

3    52.    The failure of DEFENDANTS to provide any or adequate education, training, and

4  information to personnel concerning policies and practices regarding sexual harassment

5  constituted deliberate indifference to the rights of employees, including but not limited to those

6  of PLAINTIFFS, under California Government Code § 12940 *et seq.*

7    53.    As a result of CLIENT'S and DEFENDANTS' and each of their actions,

8  PLAINTIFFS sustained economic damages to be proven at trial.

9    54.    As a further result of CLIENT's and DEFENDANTS' and each of their actions,

10 PLAINTIFFS suffered emotional distress, resulting in damages to be proven at trial.

11    55.    The conduct of CLIENT and DEFENDANTS as described herein was malicious,

12 and/or oppressive, and done with a willful and conscious disregard for PLAINTIFFS' rights.

13 Consequently, PLAINTIFFS are entitled to punitive damages.

14    56.    By reason of the conduct of CLIENT and DEFENDANTS and each of them as

15 alleged herein, PLAINTIFFS have necessarily retained attorneys to prosecute the within action.

16 PLAINTIFFS therefore are entitled to reasonable attorney's fees and litigation expenses,

17 including expert witness fees and costs, incurred in bringing the within action.

18                    **THIRD CAUSE OF ACTION**
19    **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
      **(By All Plaintiffs Against All Defendants And DOES 1-50)**
20

21    57.    PLAINTIFFS incorporate by reference the factual allegations set forth in

22 paragraphs 1 through 56 herein.

23    58.    PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS,

24 by and through its principals, agents and employees conducted themselves unlawfully in

25 violation of public policy and applicable law as described above with conscious disregard of the

26 result or outcome of such act.  The unlawful conduct towards PLAINTIFFS, due to its improper

27 motivations and surrounding circumstances constitute extreme and outrageous conduct by the

28 DEFENDANTS, and each of them.

**COMPLAINT**

10

59.     Through the outrageous conduct described above, DEFENDANTS acted with the intent to cause, and with reckless disregard for the probability of causing PLAINTIFFS to suffer severe emotional distress.

60.     At all relevant times, DEFENDANTS had actual or constructive knowledge of the extreme and outrageous conduct described herein, and condoned, ratified and participated in such extreme and outrageous acts.

61.     As a direct and proximate result of DEFENDANTS' willful, knowing and intentional acts, and DEFENDANTS' failure to act, PLAINTIFFS have suffered and will continue to suffer mental distress and anguish.  PLAINTIFFS have suffered and will continue to suffer a loss of earnings, and other employment benefits and job opportunities.  PLAINTIFFS are thereby entitled to general and compensatory damages in amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY TIMELY WAGES**
**(Labor Code § 204 and IWC Wage Orders)**
**(By Plaintiff Chabela Against All Defendants And DOES 1-50)**

62.     Plaintiff CHABELA incorporates by reference the factual allegations set forth in paragraphs 1 through 61 herein.

63.     Labor Code Section 204 states in pertinent part that all wages earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.

64.     IWC Wage Orders provide that "[e]very employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."

65.     DEFENDANTS have failed to pay Plaintiff CHABELA for all hours she worked, especially because DEFENDANTS did not pay Plaintiff CHABELA an additional hour of pay for their failure to provide uninterrupted meal periods and rest periods.

66.     Plaintiff CHABELA has been available and ready to receive wages owed to her at the time they became due.

**COMPLAINT**

11

67.     DEFENDANTS' practice of not timely paying Plaintiff Chabela her wages earned is in violation of Labor Code Section 204 and the IWC Wage Orders.

68.     DEFENDANTS' acts taken towards Plaintiff CHABELA was carried out in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff CHABELA and in conscious disregard of the Labor Code.  DEFENDANTS' conduct was willful because DEFENDANTS had knowledge of the illegality of failing to pay wages and still intentionally failed to timely make payment as required by law.

69.     As a direct and proximate result of DEFENDANTS' failure to provide the entitlements set forth above, Plaintiff CHABELA has suffered lost wages and other benefits of employment in an amount to be proven at trial.

70.     Plaintiff CHABELA demands judgment against DEFENDANTS as follows: (a) civil penalties pursuant to Labor Code Section 558(a); (b) for reasonable attorneys' fees and costs of suit pursuant to Labor Code Sections 1194(a) or 218.5 and/or 226(e); (c) interest on all due and unpaid wages pursuant to Labor Code § 218.6; and (d) any other and further relief that the Court considers proper.

71.     Plaintiff CHABELA also prays for the remedies provided by California Labor Code Section 204 and IWC Wage Orders whereby the employer is to pay $50.00 for the initial violation and $100.00 for each subsequent violation.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY COMPENSATION DUE UPON TERMINATION**
**(Labor Codes §§ 201 and 203)**
**(By Plaintiff Chabela Against All Defendants And DOES 1-50)**

72.     Plaintiff CHABELA incorporates by reference the factual allegations set forth in paragraphs 1 through 71 herein.

73.     Plaintiff CHABELA brings this cause of action based on the following statutes: Labor Code Section 201 states in pertinent part that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

74.     Labor Code Section 203(a) states in pertinent part that "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5,

COMPLAINT

Attachment A - Page 000027

201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

75.     Plaintiff CHABELA's employment with DEFENDANTS ended on or about August 30, 2021.

76.     Plaintiff CHABELA was not paid for all hours worked throughout the duration of her employment with DEFENDANTS.  DEFENDANTS failed to pay Plaintiff CHABELA, who is no longer employed by DEFENDANTS, compensation due upon termination in violation of Labor Code § 201.

77.     Plaintiff CHABELA has been available and ready to receive wages owed to her.

78.     DEFENDANTS' acts taken towards Plaintiff CHABELA was carried out in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff CHABELA and in conscious disregard of the Labor Code.  DEFENDANTS' conduct was willful because DEFENDANTS had knowledge of the illegality of failing to pay wages and still intentionally failed to make payment as required by law.

79.     As a direct and proximate result of DEFENDANTS' failure to provide the entitlements set forth above, Plaintiff CHABELA has suffered lost wages and other benefits of employment in an amount to be proven at trial.

80.     As a direct and proximate result of DEFENDANTS' conduct, Plaintiff CHABELA suffered and continues to suffer general damages.

81.     Plaintiff CHABELA demands judgment against Defendants and DOES 1 through 50, inclusive, as follows: (a) general damages; (b) for reasonable attorneys' fees and costs of suit pursuant to Labor Code Sections 1194(a) or 218.5; (c) civil penalties pursuant to Labor Code Section 558(a); (d) waiting time penalties pursuant to Labor Code Section 203; (e) interest on all due and unpaid wages pursuant to Labor Code Section 218.6; and (f) any other and further relief that the Court considers proper.

82.     Plaintiff CHABELA also prays for the remedies provided by California Labor Code Section 204 and IWC Wage Orders whereby the employer is to pay $50.00 for the initial violation and $100.00 for each subsequent violation.

**COMPLAINT**

13

## SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE WAGE AND HOUR STATEMENTS
#### (Labor Code § 226, et seq.)
#### (By Plaintiff Chabela Against All Defendants And DOES 1-50)

83.     Plaintiff CHABELA incorporates by reference the factual allegations set forth in paragraphs 1 through 82 herein.

84.     Pursuant to Labor Code Sections 226, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned.  An employer who violates these code sections is liable to employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00.  Pursuant to Labor Code Section 226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

85.     In addition, pursuant to Labor Code Section 226.3, an employer who willfully violates Labor Code Section 226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

86.     At all relevant times herein, DEFENDANTS failed to provide Plaintiff CHABELA with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff CHABELA, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff CHABELA.  For the majority of the time and as to nearly all of her wages, knowingly and intentionally, not inadvertently, failed to provide Plaintiff CHABELA with accurate paystubs. Therefore, DEFENDANTS failed to comply with Labor Code Section 226, since Plaintiffs CHABELA received inaccurate paystubs without required information, including overtime hours actually worked.

87.     As alleged herein, Plaintiff CHABELA was not exempt from the requirements of Labor Code Section 226.

COMPLAINT

14

88.     This failure has injured Plaintiff CHABELA, by misrepresenting and depriving her of hour, wage, and earnings information to which she is entitled, causing her difficulty and expense in attempting to reconstruct time and pay records, causing her not to be paid wages she is entitled to, causing her to be unable to rely on earnings statements in dealings with third parties, eviscerating their rights under Labor Code Section 226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving her regarding her entitlement to overtime, meal period, and rest period wages.  For the time periods that Plaintiff CHABELA was not provided with paystubs at all, her aforementioned injuries are presumed as a matter of law.

89.     Plaintiff CHABELA demands judgment against DEFENDANTS and DOES 1 through 50, inclusive, as follows: (a) penalties in the amount of $50 for the initial pay period in which the violation occurred, plus $100 for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 pursuant to Labor Code Section 226(e); (b) for reasonable attorneys' fees and costs of suit pursuant to Labor Code Sections 226(e) and § 218.5; (c) civil penalties pursuant to Labor Code Section 558(a); (d) waiting time penalties pursuant to Labor Code Section 203; (e) interest on all due and unpaid wages pursuant to Labor Code Section 218.6; and (f) any other and further relief that the Court considers proper.

## SEVENTH CAUSE OF ACTION
### FAILURE TO PROVIDE REST BREAK
### (Labor Code § 226.7 and IWC Wage Orders)
### (By Plaintiff Chabela Against All Defendants And DOES 1-50)

90.     Plaintiff CHABELA incorporates by reference the factual allegations set forth in paragraphs 1 through 89 herein.

91.     Under IWC Wage Orders, employers shall authorize and permit all employees to take rest periods, insofar as practicable, in the middle of each work period.  The rest period shall be based on the total hours worked daily and must be at the minimum rate of ten (10) minutes net rest time for each four (4) hour work period, or major fraction thereof.  The Division of Labor Standards Enforcement (DLSE) considers anything more than two hours to be a "major fraction

COMPLAINT

15

of four." Authorized rest period time shall be counted as hours worked for which there shall not be a deduction from wages.

92. Under Labor Code Section 226.7 (b), no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

93. Under Labor Code Section 226.7 (c), if an employer fails to provide an employee a rest period in accordance with the applicable provisions of an IWC Wage Order, an employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

94. Throughout her employment, Plaintiff CHABELA was not encouraged to take her regular rest breaks. Additionally, when Plaintiff CHABELA took a rest break she was regularly interrupted by DEFENDANTS during her break.

95. DEFENDANTS have failed to provide Plaintiff CHABELA with rest periods for every four hour work period or pay additional hour of wages for the rest period not provided. Plaintiff CHABELA has been available and ready to receive wages owed to her.

96. DEFENDANTS' failure to provide Plaintiff CHABELA with rest periods or, alternatively, pay one additional hour of wages per missed rest break constituted a violation of the Labor Code Section 226.7 and the IWC Wage Orders.

97. DEFENDANTS' failure to provide Plaintiff CHABELA with rest periods was willful because DEFENDANTS had knowledge of the illegality of failing to provide rest periods and still intentionally failed to do so as required by law.

98. As a direct and proximate result of DEFENDANTS' failure to provide the entitlements set forth above, Plaintiff CHABELA has suffered lost wages and other benefits of employment in an amount to be proven at trial.

99. Plaintiff CHABELA demands judgment against DEFENDANTS as follows: (a) additional pay for rest periods not provided, pursuant to Labor Code Section 226.7(c) and IWC Wage Orders; (b) for reasonable attorneys' fees and costs of suit pursuant to Labor Code Section 218.5; (c) civil penalties pursuant to Labor Code Section 558(a); (d) interest on all due and unpaid wages pursuant to Labor Code Section 218.6; and (e) any other and further relief that

**COMPLAINT**

1    Plaintiff CHABELA is entitled to and/or the Court considers proper.

2

3                           **EIGHTH CAUSE OF ACTION**
                   **FAILURE TO PROVIDE MEAL BREAK**

4            **(Labor Code §§ 226.7 and 512 and IWC Wage Orders)**
       **(By Plaintiff Chabela Against All Defendants And DOES 1-50)**

5

6        100.     Plaintiff CHABELA re-alleges and incorporates by reference Paragraphs 1

7    through 99, inclusive, as though set forth in full herein.

8        101.     Under Labor Code Section 512(a), an employer may not employ an employee for

9    a work period of more than five (5) hours per day without providing the employee with a meal

10   period of not less than thirty (30) minutes, and an employer may not employ an employee for a

11   work period of more than ten (10) hours per day without providing the employee with a second

12   meal period of not less than thirty (30) minutes.  If the total hours worked is no more than twelve

13   (12) hours, the second meal period may be waived by mutual consent of the employer and the

14   employee only if the first meal period was not waived.

15        102.     Under the IWC Wage Orders, employers must authorize and permit all employees

16   to take a meal period of not less than thirty (30) minutes after each work period of not more than

17   five (5) hours.

18        103.     Under Labor Code § 226.7(b), no employer shall require any employee to work

19   during any meal or rest period mandated by an applicable order of the Industrial Welfare

20   Commission.

21        104.     Under Labor Code § 226.7(c), if an employer fails to provide an employee a meal

22   period in accordance with the applicable provisions of IWC Wage Orders, an employer shall pay

23   the employee one additional hour of pay at the employee's regular rate of compensation for each

24   work day that the meal period is not provided.

25        105.     The IWC Wage Orders provide that an employer shall authorize and permit an

26   employee to take a thirty (30) minute meal period after five (5) hours of work wherein the

27   employee is completely relieved of all duty, or to pay an hour of wages under IWC Wage Orders

28   per meal period missed.

**COMPLAINT**

106. The IWC Wage Orders require employers to maintain records documenting its employees' meal periods, and California Industrial Welfare Commission Wage Order 1-2001(7) which provides the same.

107. At all relevant times stated herein, Plaintiff CHABELA was not encouraged and was regularly interrupted during her lunch breaks by DEFENDANTS. For example, Plaintiff CHABELA was ordered to perform work related tasks during her meal breaks. Plaintiff CHABELA would clock out during lunch but was instructed by her managers to work through the meal break. Plaintiff CHABELA was neither compensated for any work performed during interrupted lunch breaks nor allowed to take an additional break to make up for the missed time.

108. Plaintiff CHABELA is still owed these wages for missed meal periods. Accordingly, DEFENDANTS violated the statutes and regulations enumerated above.

109. DEFENDANTS' failure to provide Plaintiff CHABELA with meal periods was willful because DEFENDANTS had knowledge of the illegality of failing to provide meal periods and still intentionally failed to do so as required by law.

110. As a direct and proximate result of DEFENDANTS' failure to provide the entitlements set forth above, Plaintiff CHABELA has suffered lost wages and other benefits of employment in an amount to be proven at trial.

111. Plaintiff CHABELA demands judgment against DEFENDANTS as follows: (a) additional pay for meal periods not provided, pursuant to Labor Code Section 226.7(c) and the applicable IWC Wage Orders; (b) for reasonable attorneys' fees and costs of suit pursuant to Labor Code Section 218.5; (c) civil penalties pursuant to Labor Code Section 558(a); (d) waiting time penalties pursuant to Labor Code § 203; (e) interest on all due and unpaid wages pursuant to Labor Code Section 218.6; and (f) any other and further relief that the Court considers proper.

112. Plaintiff CHABELA also prays for penalties pursuant to the IWC Wage Orders which state that in addition to any other penalties that may exist, the employer and person acting on behalf of the employer are subject to a civil penalty of $50.00 for the initial violation and $100.00 for all subsequent violations of underpaying employee for each pay period the employee was underpaid, and the affected employee shall receive payment of all wages recovered.

///

**COMPLAINT**

18

### NINTH CAUSE OF ACTION
**UNFAIR COMPETITION**
**(Business and Professions Code § 17200, et seq.)**
**(By Plaintiff CHABELA Against All Defendants And DOES 1-50)**

113.   Plaintiff CHABELA re-alleges and incorporates by reference Paragraphs 1 through 112, inclusive, as though set forth in full herein, as though set forth in full herein except where to do so would be inconsistent with pleading a cause of action for Unfair Competition in Violation of *Business and Professions Code* §17200, et seq.

114.   DEFENDANTS' violations of the applicable provisions of the Labor Code and IWC Orders, as alleged herein, including, but not limited to, DEFENDANTS' failure to provide rest and meal breaks, DEFENDANTS' failure to provide timely and accurate wage and hour statements, DEFENDANTS' failure to pay compensation due in a timely manner upon termination, and DEFENDANTS' failure to maintain complete and accurate payroll records for the Plaintiff CHABELA constitute unfair business practices in violation of Business and Professions Code Section 17200, *et seq.*

115.   As a result of DEFENDANTS' unfair business practices, DEFENDANTS have reaped unfair benefits and illegal profits at the expense of Plaintiff CHABELA and members of the public.  DEFENDANTS should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff CHABELA.

116.   DEFENDANTS' unfair business practices entitle Plaintiff CHABELA to seek preliminary and permanent injunctive relief, including but not limited to orders that the DEFENDANTS account for, disgorge, and restore to Plaintiff CHABELA the monies and benefits unlawfully withheld from her.

///
///
///
///
///
///
///

COMPLAINT

Attachment A - Page 000034

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for relief as follows:

1.   For general damages of approximately $2,500,000.00 against all DEFENDANTS;

2.   For special damages of approximately $500,000.00 against all DEFENDANTS;

3.   For punitive damages of approximately $2,500,000.00;

4.   For attorneys' fees as provided by law;

5.   For prejudgment, post-judgment and other interest as provided by law;

6.   For cost of suit incurred herein; and

7.   For such other and further relief as the Court deems fair and just.

Dated:  December 1, 2021                **MARTIROSYAN P.C.**

                                        */s/ Edgar Martirosyan*
                                        Edgar Martirosyan, Esq.
                                        Azniv Ksachikyan, Esq.
                                        Attorneys for Plaintiffs,
                                        WHITNEY ALONDRA CHABELA and
                                        DIANA VEGA

COMPLAINT

20

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims.

Dated: December 1, 2021

**MARTIROSYAN P.C.**

*/s/ Edgar Martirosyan*
Edgar Martirosyan, Esq.
Azniv Ksachikyan, Esq.
Attorneys for Plaintiffs,
WHITNEY ALONDRA CHABELA and
DIANA VEGA

**COMPLAINT**

21

Electronically Filed by Superior Court of California, County of Los Angeles on 12/02/2021 02:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Vargas, Deputy Clerk
21CHCV00918

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Edgar Martirosyan, Esq. (SBN 260250)<br>MARTIROSYAN P.C.<br>601 S. Glenoaks Blvd. Suite 200<br>Burbank, CA. 91505<br>TELEPHONE NO.: 818-528-8700    FAX NO.: 818-528-8704<br>ATTORNEY FOR (Name): Plaintiffs: Whitney Chabela and Diana Vega | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 9425 Penfield Ave.
MAILING ADDRESS: 9425 Penfield Ave.
CITY AND ZIP CODE: Chatsworth, CA 91311
BRANCH NAME: Chatsworth Courthouse

CASE NAME:
CHABELA, et al. v. AUTOZONERS LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>21CHCV00918 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (*specify*):
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 2, 2021
EDGAR MARTIROSYAN, ESQ.
_____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]
    **CIVIL CASE COVER SHEET**    
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

**Attachment A - Page 000037**

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice—
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

**Attachment A - Page 000038**

| SHORT TITLE: CHABELA, ET AL. V. AUTOZONERS LLC, ET AL. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | | | |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

**Attachment A - Page 000039**

| SHORT TITLE CHABELA, ET AL. V. AUTOZONERS LLC, ET AL. | | CASE NUMBER |
| --- | --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

Attachment A - Page 000040

| SHORT TITLE CHABELA, ET AL. V. AUTOZONERS LLC, ET AL. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Attachment A - Page 000041

| SHORT TITLE: CHABELA, ET AL. V. AUTOZONERS LLC, ET AL. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:  ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 13200 Osborne St. |
|---|---|
| CITY: Pacoima | STATE: CA | ZIP CODE: 91331 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: December 2, 2021

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Attachment A - Page 000042

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Chatsworth Courthouse
9425 Penfield Avenue, Chatsworth, CA 91311

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

</td>
<td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**12/02/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Vargas _____ Deputy

</td></tr>
<tr><td colspan="2">**Your case is assigned for all purposes to the judicial officer indicated below.**</td><td>CASE NUMBER:
21CHCV00918</td></tr>
</table>

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Stephen P. Pfahler | F49 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record   Sherri R. Carter, Executive Officer / Clerk of Court

on 12/03/2021 _____                         By M. Vargas _____, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

Attachment A - Page 000043

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**Attachment A - Page 000044**



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Tue, Dec 14, 2021

**Server Name:**              Ramiro Saucedo

| Entity Served | AUTOZONERS, LLC |
|---|---|
| Case Number | 21CHCV00918 |
| Jurisdiction | CA |



Case 2:22-cv-00280-GW-AS Document 1-1 Filed 01/13/22 Page 34 of 63 Page ID #:48

ctronically Filed by Superior Court of California, County of Los Angeles on 01/12/2021 02:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Vargas, Deputy Clerk
21CHCV00918

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AUTOZONERS LLC, a Limited Liability Company; AUTOZONE
DEVELOPMENT LLC, a Limited Liability Company; and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WHITNEY ALONDRA CHABELA, an Individual; DIANA VEGA, an
Individual

|  | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER: *(Número del Caso):* 21CHCV00918 |
|---|---|

Chatsworth Courthouse
9425 Penfield Ave., Chatsworth, California 91311

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edgar Martirosyan, MARTIROSYAN PC, 601 S. Glenoaks Blvd. Suite 201,Burbank, CA 91502. 818.528.8700

| DATE: *(Fecha)* 12/02/2021 | Sherri R. Carter Executive Officer / Clerk of Court Clerk, by *(Secretario)* M. Vargas | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Autzoners, LLC, unlimited Liability Company
under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☑ other *(specify):* Entity Form Unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

Attachment A - Page 000046

Electronically FILED by Superior Court of California, County of Los Angeles on 12/02/2021 02:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Vargas, Deputy Clerk
21CHCV00918

Assigned for all purposes to: Chatsworth Courthouse, Judicial Officer: Stephen Pfahler

1  Edgar Martirosyan, Esq. (SBN 260250)
   Azniv Ksachikyan, Esq. (SBN 200479)
2  MARTIROSYAN, P.C.
   601 S. Glenoaks Blvd., Suite 201
3  Burbank, CA 91502
   Telephone: (818) 528-2700
4  Facsimile:  (818) 528-8704
5  Email: cm@mpclegal.com
   Email: ak@mpclegal.com
6
7  Attorney for Plaintiffs,
8  WHITNEY ALONDRA CHABELA and DIANA VEGA
9
10      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
        **FOR THE COUNTY OF LOS ANGELES – CHATSWORTH COURTHOUSE**
11
12

| | |
|---|---|
| WHITNEY ALONDRA CHABELA, an Individual; DIANA VEGA, an Individual | Case No.:  21CHCV00918 |
| | **COMPLAINT FOR DAMAGES:** |
| Plaintiffs, | (1) **HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT [CGC § 12940(j)]** |
| vs. | (2) **FAILURE TO PREVENT HARASSMENT [CGC § 12940(k)]** |
| | (3) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | (4) **FAILURE TO PAY TIMELY WAGES [LC § 204 AND IWC WAGE ORDERS]** |
| AUTOZONERS LLC, a Limited Liability Company; AUTOZONE DEVELOPMENT LLC, a Limited Liability Company; and DOES 1-50 | (5) **FAILURE TO PAY COMPENSATION DUE UPON TERMINATION [LC §§ 201 AND 203]** |
| | (6) **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS  [LC § 226]** |
| | (7) **FAILURE TO PROVIDE REST BREAK [LABOR CODE § 226.7 AND IWC WAGE ORDERS]** |
| | (8) **FAILURE TO PROVIDE MEAL BREAK [LC §§ 226.7 AND 512,  AND IWC WAGE ORDERS]** |
| Defendants. | (9) **UNFAIR COMPETITION - BUSINESS AND PROFESSIONS CODE § 17200** |
| | **[DEMAND FOR JURY TRIAL]** |

**COMPLAINT**

1

NOW COME Plaintiffs WHITNEY ALONDRA CHABELA ("Plaintiff CHABELA") and DIANA VEGA ("Plaintiff VEGA") (hereinafter collectively referred to as "PLAINTIFFS"), by and through their undersigned counsel, and for their Complaint against Defendants AutoZoners, LLC and Autozone Development LLC (hereinafter referred to as "AUTOZONE") and DOES 1-50, inclusive (hereinafter collectively referred to as "DEFENDANTS") and alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has personal jurisdiction over the DEFENDANTS because they are residents of and/or do business in the State of California, County of Los Angeles.

2.      Venue is proper in this county in accordance with Section 395(a) of California Code of Civil Procedure because DEFENDANTS reside and/or maintain offices and transact business within Los Angeles County, because DEFENDANTS' obligations and liability arise therein, and because the work that is the subject of this action was performed by PLAINTIFFS and their claims/damages alleged herein occurred and/or arose in Los Angeles County.

## THE PARTIES

3.      Plaintiff CHABELA is an individual who at all relevant times mentioned herein resided in the County of Los Angeles, State of California, and was employed by DEFENDANTS.

4.      Plaintiff VEGA is an individual who at all relevant times mentioned herein resided in the County of Los Angeles, State of California, and was employed by DEFENDANTS.

5.      PLAINTIFFS are informed and believe and thereupon allege that AUTOZONE was at all times relevant herein doing business in the County of Los Angeles at 13200 Osborne St., Pacoima, California 91331, Plaintiffs' place of employment.

6.      At all times relevant herein, DEFENDANTS were PLAINTIFFS' employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order Nos. 7-2001 ("IWC Wage Orders") and are each an "employer or other person acting on behalf of an employer" as such term is used in Labor Code Section 558, and liable to PLAINTIFFS on that basis.

**COMPLAINT**

2

7.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the DEFENDANTS named herein as DOES 1-50, inclusive, are unknown to PLAINTIFFS at this time and therefore said Defendants are sued by such fictitious names. PLAINTIFFS will seek leave of Court to amend this Complaint to insert the true names and capacities of said DEFENDANTS when the same become known to PLAINTIFFS. PLAINTIFFS are informed and believe and thereupon allege that each of the DEFENDANTS designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and negligently, wantonly, recklessly, tortuously and/or unlawfully proximately caused the injuries and damages thereby to PLAINTIFFS as herein alleged.

8.     PLAINTIFFS are informed and believe and thereupon allege that DEFENDANTS, and each of them, including those defendants named as DOES 1-50, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940 *et seq.* PLAINTIFFS are further informed and believe and thereupon allege that DEFENDANTS, and each of them, including those defendants named as DOES 1-50, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing PLAINTIFFS harm.

9.     Whenever and wherever reference is made to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

10.    At all times herein mentioned, DEFENDANTS existed under the laws of the State of California, and at all times herein mentioned were authorized to do business in California.

11.    The conduct complained of herein was ratified in the County of Los Angeles, State of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.    On or about September 21, 2021, Plaintiff CHABELA filed timely charges of discrimination and retaliation with the California Department of Fair Employment and Housing

**COMPLAINT**

3

1   ("DFEH") against AUTOZONE.  On or about September 22, 2021, the DFEH issued Plaintiff A

2   Notice of Case Closure and Right to Sue letter.

3         13.     On or about September 21, 2021, Plaintiff VEGA filed timely charges of

4   discrimination and retaliation with the California Department of Fair Employment and Housing

5   ("DFEH") against AUTOZONE.  On or about September 22, 2021, the DFEH issued Plaintiff A

6   Notice of Case Closure and Right to Sue letter.

7         **GENERAL ALLEGATIONS REGARDING SEXUAL HARASSMENT**

8         14.     PLAINTIFFS allege upon information and belief that at all times relevant herein,

9   Defendant AUTOZONE was in the business of selling and distributing auto-parts throughout Los

10   Angeles County.

11         15.     Plaintiff CHABELA was employed by AUTOZONE from January 27, 2021, to

12   August 30, 2021.  Plaintiff CHABELA was a hired as a Commercial Driver (also known as a

13   "Red Shirt") in the Commercial Department of AUTOZONE.  Employees who worked in the

14   Commercial Department worked with AUTOZONE's customers who had commercial accounts

15   with the company.  As a Driver, Plaintiff CHABELA was required to deliver auto-parts to these

16   customers.  Thereafter, she became a Commercial Specialist.  As a Commercial Specialist, she

17   was required to deliver parts, interface, assist and sell products to commercial customer clients.

18         16.     Plaintiff VEGA was employed by DEFENDANT AUTOZONE from sometime in

19   2020, to August 17, 2021.  Plaintiff VEGA was hired to work in the front of the store as a parts

20   salesperson where she dealt with non-commercial customers.  Plaintiff VEGA also assisted the

21   Commercial Department with the commercial customers as she understood that side of the

22   business.

23         17.     In or about February 2021, PLAINTIFFS were continuously subjected to a hostile

24   work environment perpetrated by an AUTOZONE commercial client ("CLIENT").

    PLAINTIFFS were repeatedly sexually harassed by the CLIENT.

25         18.     CLIENT engaged in hostile, demeaning and sexually abusive conduct such that

26   PLAINTIFFS' working conditions were significantly altered.

27         19.     The harassment consisted of numerous events which took place throughout

28   PLAINTIFFS' employment.  By way of example, between February 2021 until the

**COMPLAINT**

4

PLAINTIFFS' separation of employment, CLIENT made unwanted sexual advances towards PLAINTIFFS both verbally and physically. CLIENT would frequent PLAINTIFFS' place of employment several times a week (sometimes more than once a day). He would get physically close to PLAINTIFFS. He would sniff their hair and bodies, tell them he liked them and compliment their physical attributes. CLIENT would bring gifts for PLAINTIFFS. On a certain occasion, CLIENT touched Plaintiff CHABELA's body by grabbing her and touching her body in the store. This incident was witnessed by third parties in the store. CLIENT also sent numerous videos and photographs of himself in the nude and in the shower (namely, his fully erect penis) to Plaintiff CHABELA. CLIENT bombarded Plaintiff CHABELA with text messages that were grotesque and sexual in nature. On numerous occasions CLIENT told CHABELA that he was in love with her and continuously asked if she loved him. On another occasion, CLIENT attempted to massage and grabbed Plaintiff VEGA at the store while she was assisting in the Commercial Department. This incident was also witnessed by others in the store.

20.     The above-described conduct was open, obvious and notorious as the Commercial Department has an open floor plan. All employees work on a single counter and the supervisor is also located in that area. Any and all activity in that area is visible to all employees and customers in the area.

21.     Plaintiff CHABELA was also required by her direct managers/supervisors in the Commercial Department to deliver auto parts to CLIENT's home. Each time she made a delivery to the CLIENT's home she was subjected to sexually harassing conduct by CLIENT. Despite expressing her concerns and requesting that she not deliver to CLIENT's home, she was repeatedly told it was her job to do so and constantly sent back to CLIENT's home with deliveries.

22.     PLAINTIFFS did not share the CLIENT's feelings or advances. PLAINTIFFS responded to CLIENTS advances and inappropriate comments by informing him that his conduct was inappropriate and unwelcome, yet he continued to harass them.

23.     Between March – August 2021, the above-described conduct by CLIENT was brought to AUTOZONE's attention in a number of instances. PLAINITFFS notified the commercial managers, the Store Manager, the District Manager, and Human Resources

**COMPLAINT**

5

1   Department about CLIENT's harassing, inappropriate and offensive conduct.  PLAINTIFFS

2   complained on numerous occasions.  Plaintiff CHABELA notified her direct

3   managers/supervisors about the fact that she did not want to make deliveries to CLIENT's home

4   and that she felt unsafe and uncomfortable doing so.  Irrespective, the CLIENT's behavior was

5   so open and notorious that the above-referenced individuals themselves witnessed CLIENT's

6   sexually harassing behavior, including other AUTOZONE customers.

7        24.     Defendant AUTOZONE failed to investigate and address above-referenced issues

8   in a proper and timely manner.  In fact, at one-point PLAINTIFFS were told by one of the

9   commercial managers that it was PLAINTIFFS' fault that the CLIENT was sexually harassing

10  them.

11       25.     Plaintiff CHABELA began to experience post traumatic stress as a result of

12  CLIENT's conduct.  Plaintiff CHABELA asked for a transfer to a different location, but was told

13  by the District Manager that if he transferred she would be demoted with a pay cut.  Plaintiff

14  CHABELA also requested a short leave of absence to deal with the emotional distress and

15  anxiety she was experiencing as a result of CLIENT's conduct and AUTOZONE's failure to

16  address the issue but AUTOZONE denied her request.

17       26.     PLAINTIFF CHABELA was eventually transferred to a different location, but

18  soon realized that she was being referred to as the girl who had been transferred because she was

19  molested.  These characterizations were a further emotional trigger for her.  Ultimately, she was

20  forced to quit her position on August 30, 2021.

21       27.     As a result of the aforementioned conduct of DEFENDANTS, PLAINTIFFS have

22  suffered damages in an amount to be determined at trial.  As a further result of the

23  aforementioned conduct of DEFENDANTS, Plaintiffs have suffered emotional distress, anxiety,

24  sleeplessness, and embarrassment.

///

///

///

///

///

**COMPLAINT**

6

## GENERAL ALLEGATIONS REGARDING WAGE AND HOUR VIOLATIONS

28.    At all relevant times herein PLAINTIFF CHABELA was employed by DEFENDANT AUTOZONE as a Commercial Driver and/or Commercial Specialist.

29.    At all times relevant herein mentioned Plaintiff CHABELA was a nonexempt full-time hourly employees within the meaning of the California Labor Code ("Labor Code") and implementing rules and regulations of the IWC Wage Orders

30.    Plaintiff CHABELA is informed and believes and thereupon alleges that that at all times during her employment with Defendants, all of the hours worked by her were "hours worked" as defined by the IWC Wage Orders.

31.    Throughout her employment, Plaintiff CHABELA was not encouraged to take her regular lunch breaks.  For example, Plaintiff CHABELA would clock out for lunch but be required to work through her lunch break, all with the knowledge of her supervisors.  Plaintiff CHABELA was neither compensated for any work performed during interrupted lunch breaks nor allowed to take an additional break to make up for the missed time.

32.    Throughout her respective employments, Plaintiff CHABELA was not encouraged to take her regular rest breaks.  Additionally, when Plaintiff CHABELA took a rest break she was regularly interrupted by DEFENDANTS during her breaks.  Plaintiff CHABELA was not permitted to take an additional break to make up for the missed time.

33.    Since Plaintiff CHABELA's separation of employment, DEFENDANTS have failed to pay Plaintiff CHABELA for all of the hours she worked.  Moreover, DEFENDANTS have failed to pay Plaintiff CHABELA additional wages for the interrupted meal and rest periods.  Plaintiff CHABELA has been available and ready to receive wages owed to her.

34.    DEFENDANTS further failed to provide Plaintiff CHABELA with accurate itemized statements showing all applicable gross wages earned, and the corresponding number of hours worked by her.

///

///

///

///

**COMPLAINT**

7

### FIRST CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT - SEXUAL HARASSMENT
### (FEHA - Cal. Govt. Code § 12940(j))
### (By All Plaintiffs Against All Defendants And DOES 1-50)

35.     PLAINTIFFS incorporate by reference the factual allegations of paragraphs 1 through 28 above.

36.     The above-referenced conduct by CLIENT was unwelcome, directed towards PLAINTIFFS, and was part of an ongoing and continuing pattern of conduct.

37.     The above-referenced conduct caused PLAINTIFFS to perceive their work environment as intimidating, hostile, abusive and/or offensive.

38.     Complaints and/or information about the harassing conduct were made to DEFENDANTS by PLAINITFFS, but the harassment continued.

39.     As a further result of CLIENTS' and DEFENDANTS' actions, PLAINTIFFS suffered emotional distress, resulting in damages to be proven at trial.

40.     The above-referenced harassing conduct violates California Government Code §§ 12940 *et seq.* and California public policy and entitles PLAINTIFFS to all categories of damages.

41.     As a result of DEFENDANTS' and each of their actions, PLAINITFFS sustained economic damages to be proven at trial.

42.     DEFENDANTS' acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate and embarrass PLAINTIFFS, and in conscious disregard of the rights or safety of PLAINTIFFS.  Accordingly, PLAINTIFFS are entitled to recover punitive damages from DEFENDANTS.

43.     By reason of the conduct of CLIENT and DEFENDANTS as alleged herein, PLAINTIFFS have necessarily retained attorneys to prosecute the within action.  PLAINTIFFS are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

///

///

///

**COMPLAINT**

8

### SECOND CAUSE OF ACTION
### FAILURE TO PREVENT HARASSMENT
### (FEHA - Cal. Govt. Code § 12940(k))
### (By All Plaintiffs Against All Defendants AND DOES 1-50)

44.     PLAINTIFFS incorporate by reference the factual allegations of paragraphs 1 through 43 above.

45.     In violation of California Government Code § 12940 et seq., DEFENDANTS, and each of them, failed to take all reasonable steps necessary to prevent harassment against PLAINTIFFS.

46.     In perpetrating the above-described conduct, DEFENDANTS engaged in a pattern, practice, policy and custom of harassment.  Said conduct on the part of DEFENDANTS constituted a policy, practice, tradition, custom and usage which denied Plaintiff protection of California Government Code § 12940 et seq.

47.     At all relevant time periods, DEFENDANTS, and each of them, failed to make an adequate response and investigation into the conduct of CLIENT and PLAINTIFFS direct managers/supervisors and the aforesaid pattern and practice, and thereby established a policy, custom, practice or usage within the organization of DEFENDANTS, which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in harassment towards PLAINTIFFS.

48.     DEFENDANTS, and each of them, knew or reasonably should have known that the failure to take proper steps to prevent the sexual harassment by CLIENT would result in further harassment to PLAINTIFFS.

49.     The failure of DEFENDANTS, and each of them, to take adequate steps to prevent the sexual harassment of PLAINITFFS constituted deliberate indifference to the rights of employees, including but not limited to those of PLAINTIFFS, under California Government Code § 12940 et seq.

50.     DEFENDANTS did not have adequate harassment policy and did not provide adequate sexual harassment training with respect to their employees and managers.

51.     DEFENDANTS knew or reasonably should have known that the failure to provide adequate education, training, and information as to their personnel policies and practices

**COMPLAINT**

9

regarding sexual harassment, would result in sexual harassment against employee including but not limited to PLAINTIFFS.

52.     The failure of DEFENDANTS to provide any or adequate education, training, and information to personnel concerning policies and practices regarding sexual harassment constituted deliberate indifference to the rights of employees, including but not limited to those of PLAINTIFFS, under California Government Code § 12940 *et seq.*

53.     As a result of CLIENT'S and DEFENDANTS' and each of their actions, PLAINTIFFS sustained economic damages to be proven at trial.

54.     As a further result of CLIENT's and DEFENDANTS' and each of their actions, PLAINTIFFS suffered emotional distress, resulting in damages to be proven at trial.

55.     The conduct of CLIENT and DEFENDANTS as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for PLAINTIFFS' rights. Consequently, PLAINTIFFS are entitled to punitive damages.

56.     By reason of the conduct of CLIENT and DEFENDANTS and each of them as alleged herein, PLAINTIFFS have necessarily retained attorneys to prosecute the within action. PLAINTIFFS therefore are entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

## THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (By All Plaintiffs Against All Defendants And DOES 1-50)

57.     PLAINTIFFS incorporate by reference the factual allegations set forth in paragraphs 1 through 56 herein.

58.     PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS, by and through its principals, agents and employees conducted themselves unlawfully in violation of public policy and applicable law as described above with conscious disregard of the result or outcome of such act.  The unlawful conduct towards PLAINTIFFS, due to its improper motivations and surrounding circumstances constitute extreme and outrageous conduct by the DEFENDANTS, and each of them.

**COMPLAINT**

10

59.     Through the outrageous conduct described above, DEFENDANTS acted with the intent to cause, and with reckless disregard for the probability of causing PLAINTIFFS to suffer severe emotional distress.

60.     At all relevant times, DEFENDANTS had actual or constructive knowledge of the extreme and outrageous conduct described herein, and condoned, ratified and participated in such extreme and outrageous acts.

61.     As a direct and proximate result of DEFENDANTS' willful, knowing and intentional acts, and DEFENDANTS' failure to act, PLAINTIFFS have suffered and will continue to suffer mental distress and anguish.  PLAINTIFFS have suffered and will continue to suffer a loss of earnings, and other employment benefits and job opportunities.  PLAINTIFFS are thereby entitled to general and compensatory damages in amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### FAILURE TO PAY TIMELY WAGES
#### (Labor Code § 204 and IWC Wage Orders)
#### (By Plaintiff Chabela Against All Defendants And DOES 1-50)

62.     Plaintiff CHABELA incorporates by reference the factual allegations set forth in paragraphs 1 through 61 herein.

63.     Labor Code Section 204 states in pertinent part that all wages earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.

64.     IWC Wage Orders provide that "[e]very employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."

65.     DEFENDANTS have failed to pay Plaintiff CHABELA for all hours she worked, especially because DEFENDANTS did not pay Plaintiff CHABELA an additional hour of pay for their failure to provide uninterrupted meal periods and rest periods.

66.     Plaintiff CHABELA has been available and ready to receive wages owed to her at the time they became due.

**COMPLAINT**

11

67.     DEFENDANTS' practice of not timely paying Plaintiff Chabela her wages earned is in violation of Labor Code Section 204 and the IWC Wage Orders.

68.     DEFENDANTS' acts taken towards Plaintiff CHABELA was carried out in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff CHABELA and in conscious disregard of the Labor Code.  DEFENDANTS' conduct was willful because DEFENDANTS had knowledge of the illegality of failing to pay wages and still intentionally failed to timely make payment as required by law.

69.     As a direct and proximate result of DEFENDANTS' failure to provide the entitlements set forth above, Plaintiff CHABELA has suffered lost wages and other benefits of employment in an amount to be proven at trial.

70.     Plaintiff CHABELA demands judgment against DEFENDANTS as follows: (a) civil penalties pursuant to Labor Code Section 558(a); (b) for reasonable attorneys' fees and costs of suit pursuant to Labor Code Sections 1194(a) or 218.5 and/or 226(e); (c) interest on all due and unpaid wages pursuant to Labor Code § 218.6; and (d) any other and further relief that the Court considers proper.

71.     Plaintiff CHABELA also prays for the remedies provided by California Labor Code Section 204 and IWC Wage Orders whereby the employer is to pay $50.00 for the initial violation and $100.00 for each subsequent violation.

## FIFTH CAUSE OF ACTION
### FAILURE TO PAY COMPENSATION DUE UPON TERMINATION
#### (Labor Codes §§ 201 and 203)
#### (By Plaintiff Chabela Against All Defendants And DOES 1-50)

72.     Plaintiff CHABELA incorporates by reference the factual allegations set forth in paragraphs 1 through 71 herein.

73.     Plaintiff CHABELA brings this cause of action based on the following statutes: Labor Code Section 201 states in pertinent part that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

74.     Labor Code 203(a) states in pertinent part that "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5,

**COMPLAINT**

12

201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced: but the wages shall not continue for more than 30 days."

75.     Plaintiff CHABELA's employment with DEFENDANTS ended on or about August 30, 2021.

76.     Plaintiff CHABELA was not paid for all hours worked throughout the duration of her employment with DEFENDANTS.  DEFENDANTS failed to pay Plaintiff CHABELA, who is no longer employed by DEFENDANTS, compensation due upon termination in violation of Labor Code § 201.

77.     Plaintiff CHABELA has been available and ready to receive wages owed to her.

78.     DEFENDANTS' acts taken towards Plaintiff CHABELA was carried out in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff CHABELA and in conscious disregard of the Labor Code.  DEFENDANTS' conduct was willful because DEFENDANTS had knowledge of the illegality of failing to pay wages and still intentionally failed to make payment as required by law.

79.     As a direct and proximate result of DEFENDANTS' failure to provide the entitlements set forth above, Plaintiff CHABELA has suffered lost wages and other benefits of employment in an amount to be proven at trial.

80.     As a direct and proximate result of DEFENDANTS' conduct, Plaintiff CHABELA suffered and continues to suffer general damages.

81.     Plaintiff CHABELA demands judgment against Defendants and DOES 1 through 50, inclusive, as follows: (a) general damages; (b) for reasonable attorneys' fees and costs of suit pursuant to Labor Code Sections 1194(a) or 218.5; (c) civil penalties pursuant to Labor Code Section 558(a); (d) waiting time penalties pursuant to Labor Code Section 203; (e) interest on all due and unpaid wages pursuant to Labor Code Section 218.6; and (f) any other and further relief that the Court considers proper.

82.     Plaintiff CHABELA also prays for the remedies provided by California Labor Code Section 204 and IWC Wage Orders whereby the employer is to pay $50.00 for the initial violation and $100.00 for each subsequent violation.

COMPLAINT

Attachment A - Page 000059

### SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE WAGE AND HOUR STATEMENTS
(Labor Code § 226, et seq.)
**(By Plaintiff Chabela Against All Defendants And DOES 1-50)**

83.   Plaintiff CHABELA incorporates by reference the factual allegations set forth in paragraphs 1 through 82 herein.

84.   Pursuant to Labor Code Sections 226, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned.  An employer who violates these code sections is liable to employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00.  Pursuant to Labor Code Section 226(c)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

85.   In addition, pursuant to Labor Code Section 226.3, an employer who willfully violates Labor Code Section 226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

86.   At all relevant times herein, DEFENDANTS failed to provide Plaintiff CHABELA with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff CHABELA, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff CHABELA.  For the majority of the time and as to nearly all of her wages, knowingly and intentionally, not inadvertently, failed to provide Plaintiff CHABELA with accurate paystubs.  Therefore, DEFENDANTS failed to comply with Labor Code Section 226, since Plaintiffs CHABELA received inaccurate paystubs without required information, including overtime hours actually worked.

87.   As alleged herein, Plaintiff CHABELA was not exempt from the requirements of Labor Code Section 226.

**COMPLAINT**

14

88.     This failure has injured Plaintiff CHABELA, by misrepresenting and depriving her of hour, wage, and earnings information to which she is entitled, causing her difficulty and expense in attempting to reconstruct time and pay records, causing her not to be paid wages she is entitled to, causing her to be unable to rely on earnings statements in dealings with third parties, eviscerating their rights under Labor Code Section 226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving her regarding her entitlement to overtime, meal period, and rest period wages.  For the time periods that Plaintiff CHABELA was not provided with paystubs at all, her aforementioned injuries are presumed as a matter of law.

89.     Plaintiff CHABELA demands judgment against DEFENDANTS and DOES 1 through 50, inclusive, as follows: (a) penalties in the amount of $50 for the initial pay period in which the violation occurred, plus $100 for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 pursuant to Labor Code Section 226(e); (b) for reasonable attorneys' fees and costs of suit pursuant to Labor Code Sections 226(e) and § 218.5; (c) civil penalties pursuant to Labor Code Section 558(a); (d) waiting time penalties pursuant to Labor Code Section 203; (e) interest on all due and unpaid wages pursuant to Labor Code Section 218.6; and (f) any other and further relief that the Court considers proper.

## SEVENTH CAUSE OF ACTION
### FAILURE TO PROVIDE REST BREAK
### (Labor Code § 226.7 and IWC Wage Orders)
### (By Plaintiff Chabela Against All Defendants And DOES 1-50)

90.     Plaintiff CHABELA incorporates by reference the factual allegations set forth in paragraphs 1 through 89 herein.

91.     Under IWC Wage Orders, employers shall authorize and permit all employees to take rest periods, insofar as practicable, in the middle of each work period.  The rest period shall be based on the total hours worked daily and must be at the minimum rate of ten (10) minutes net rest time for each four (4) hour work period, or major fraction thereof.  The Division of Labor Standards Enforcement (DLSE) considers anything more than two hours to be a "major fraction

**COMPLAINT**

15

1    of four." Authorized rest period time shall be counted as hours worked for which there shall not

2    be a deduction from wages.

3         92.     Under Labor Code Section 226.7 (b), no employer shall require any employee to

4    work during any meal or rest period mandated by an applicable order of the Industrial Welfare

5    Commission.

6         93.     Under Labor Code Section 226.7 (c), if an employer fails to provide an employee

7    a rest period in accordance with the applicable provisions of an IWC Wage Order, an employer

8    shall pay the employee one additional hour of pay at the employee's regular rate of

9    compensation for each work day that the rest period is not provided.

10        94.     Throughout her employment, Plaintiff CHABELA was not encouraged to take her

11    regular rest breaks. Additionally, when Plaintiff CHABELA took a rest break she was regularly

12    interrupted by DEFENDANTS during her break.

13        95.     DEFENDANTS have failed to provide Plaintiff CHABELA with rest periods for

14    every four hour work period or pay additional hour of wages for the rest period not provided.

15    Plaintiff CHABELA has been available and ready to receive wages owed to her.

16        96.     DEFENDANTS' failure to provide Plaintiff CHABELA with rest periods or,

17    alternatively, pay one additional hour of wages per missed rest break constituted a violation of

     the Labor Code Section 226.7 and the IWC Wage Orders.

18        97.     DEFENDANTS' failure to provide Plaintiff CHABELA with rest periods was

19    willful because DEFENDANTS had knowledge of the illegality of failing to provide rest periods

20    and still intentionally failed to do so as required by law.

21        98.     As a direct and proximate result of DEFENDANTS' failure to provide the

22    entitlements set forth above, Plaintiff CHABELA has suffered lost wages and other benefits of

23    employment in an amount to be proven at trial.

24        99.     Plaintiff CHABELA demands judgment against DEFENDANTS as follows: (a)

25    additional pay for rest periods not provided, pursuant to Labor Code Section 226.7(c) and IWC

26    Wage Orders; (b) for reasonable attorneys' fees and costs of suit pursuant to Labor Code Section

27    218.5; (c) civil penalties pursuant to Labor Code Section 558(a); (d) interest on all due and

28    unpaid wages pursuant to Labor Code Section 218.6; and (e) any other and further relief that

**COMPLAINT**

16

1   Plaintiff CHABELA is entitled to and/or the Court considers proper.

2

3                  **EIGHTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL BREAK**

4      **(Labor Code §§ 226.7 and 512 and IWC Wage Orders)**
**(By Plaintiff Chabela Against All Defendants And DOES 1-50)**

5

6      100.    Plaintiff CHABELA re-alleges and incorporates by reference Paragraphs 1

7   through 99, inclusive, as though set forth in full herein.

8      101.    Under Labor Code Section 512(a), an employer may not employ an employee for

9   a work period of more than five (5) hours per day without providing the employee with a meal

10   period of not less than thirty (30) minutes, and an employer may not employ an employee for a

11   work period of more than ten (10) hours per day without providing the employee with a second

12   meal period of not less than thirty (30) minutes.  If the total hours worked is no more than twelve

13   (12) hours, the second meal period may be waived by mutual consent of the employer and the

14   employee only if the first meal period was not waived.

15      102.    Under the IWC Wage Orders, employers must authorize and permit all employees

16   to take a meal period of not less than thirty (30) minutes after each work period of not more than

17   five (5) hours.

18      103.    Under Labor Code § 226.7(b), no employer shall require any employee to work

19   during any meal or rest period mandated by an applicable order of the Industrial Welfare

20   Commission.

21      104.    Under Labor Code § 226.7(c), if an employer fails to provide an employee a meal

22   period in accordance with the applicable provisions of IWC Wage Orders, an employer shall pay

23   the employee one additional hour of pay at the employee's regular rate of compensation for each

    work day that the meal period is not provided.

24      105.    The IWC Wage Orders provide that an employer shall authorize and permit an

25   employee to take a thirty (30) minute meal period after five (5) hours of work wherein the

26   employee is completely relieved of all duty, or to pay an hour of wages under IWC Wage Orders

27   per meal period missed.

28

**COMPLAINT**

106. The IWC Wage Orders require employers to maintain records documenting its employees' meal periods, and California Industrial Welfare Commission Wage Order 1-2001(7) which provides the same.

107. At all relevant times stated herein, Plaintiff CHABELA was not encouraged and was regularly interrupted during her lunch breaks by DEFENDANTS. For example, Plaintiff CHABELA was ordered to perform work related tasks during her meal breaks. Plaintiff CHABELA would clock out during lunch but was instructed by her managers to work through the meal break. Plaintiff CHABELA was neither compensated for any work performed during interrupted lunch breaks nor allowed to take an additional break to make up for the missed time.

108. Plaintiff CHABELA is still owed these wages for missed meal periods. Accordingly, DEFENDANTS violated the statutes and regulations enumerated above.

109. DEFENDANTS' failure to provide Plaintiff CHABELA with meal periods was willful because DEFENDANTS had knowledge of the illegality of failing to provide meal periods and still intentionally failed to do so as required by law.

110. As a direct and proximate result of DEFENDANTS' failure to provide the entitlements set forth above, Plaintiff CHABELA has suffered lost wages and other benefits of employment in an amount to be proven at trial.

111. Plaintiff CHABELA demands judgment against DEFENDANTS as follows: (a) additional pay for meal periods not provided, pursuant to Labor Code Section 226.7(c) and the applicable IWC Wage Orders; (b) for reasonable attorneys' fees and costs of suit pursuant to Labor Code Section 218.5; (c) civil penalties pursuant to Labor Code Section 558(a); (d) waiting time penalties pursuant to Labor Code § 203; (e) interest on all due and unpaid wages pursuant to Labor Code Section 218.6; and (f) any other and further relief that the Court considers proper.

112. Plaintiff CHABELA also prays for penalties pursuant to the IWC Wage Orders which state that in addition to any other penalties that may exist, the employer and person acting on behalf of the employer are subject to a civil penalty of $50.00 for the initial violation and $100.00 for all subsequent violations of underpaying employee for each pay period the employee was underpaid, and the affected employee shall receive payment of all wages recovered.

///

**COMPLAINT**

18

**NINTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(Business and Professions Code § 17200, et seq.)**
**(By Plaintiff CHABELA Against All Defendants And DOES 1-50)**

113.    Plaintiff CHABELA re-alleges and incorporates by reference Paragraphs 1 through 112, inclusive, as though set forth in full herein, as though set forth in full herein except where to do so would be inconsistent with pleading a cause of action for Unfair Competition in Violation of *Business and Professions Code* §17200, et seq.

114.    DEFENDANTS' violations of the applicable provisions of the Labor Code and IWC Orders, as alleged herein, including, but not limited to, DEFENDANTS' failure to provide rest and meal breaks, DEFENDANTS' failure to provide timely and accurate wage and hour statements, DEFENDANTS' failure to pay compensation due in a timely manner upon termination, and DEFENDANTS' failure to maintain complete and accurate payroll records for the Plaintiff CHABELA constitute unfair business practices in violation of . Business and Professions Code Section17200, *et seq.*

115.    As a result of DEFENDANTS' unfair business practices, DEFENDANTS have reaped unfair benefits and illegal profits at the expense of Plaintiff CHABELA and members of the public.  DEFENDANTS should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff CHABELA.

116.    DEFENDANTS' unfair business practices entitle Plaintiff CHABELA to seek preliminary and permanent injunctive relief, including but not limited to orders that the DEFENDANTS account for, disgorge, and restore to Plaintiff CHABELA the monies and benefits unlawfully withheld from her.

///
///
///
///
///
///
///

**COMPLAINT**

19

1

## **PRAYER FOR RELIEF**

2     WHEREFORE, PLAINTIFFS pray for relief as follows:

3     1.     For general damages of approximately $2,500,000.00 against all DEFENDANTS;

4     2.     For special damages of approximately $500,000.00 against all DEFENDANTS;

5     3.     For punitive damages of approximately $2,500,000.00;

6     4.     For attorneys' fees as provided by law;

7     5.     For prejudgment, post-judgment and other interest as provided by law;

8     6.     For cost of suit incurred herein; and

9     7.     For such other and further relief as the Court deems fair and just.

10

11    Dated:  December 1, 2021              **MARTIROSYAN P.C.**

12

13                                         */s/ Edgar Martirosyan*
                                           Edgar Martirosyan, Esq.
14                                         Azniv Ksachikyan, Esq.
                                           Attorneys for Plaintiffs,
15                                         WHITNEY ALONDRA CHABELA and
                                           DIANA VEGA
16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

20

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims.

Dated:  December 1, 2021                    **MARTIROSYAN P.C.**


*/s/ Edgar Martirosyan*
Edgar Martirosyan, Esq.
Azniv Ksachikyan, Esq.
Attorneys for Plaintiffs,
WHITNEY ALONDRA CHABELA and
DIANA VEGA

**COMPLAINT**

21

Electronically FILED by Superior Court of California, County of Los Angeles on 12/02/2021 12:38 PM David W. Slayton, Executive Officer/Clerk of Court, by M. Vargas,Deputy Clerk
21CHCV00918

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>— Edgar Martirosyan, Esq. (SBN 260250)<br>MARTIROSYAN P.C.<br>601 S. Glenoaks Blvd. Suite 200<br>Burbank, CA. 91505<br>TELEPHONE NO.: 818-528-8700    FAX NO.: 818-528-8704<br>ATTORNEY FOR (Name): Plaintiffs: Whitney Chabela and Diana Vega | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 9425 Penfield Ave.
MAILING ADDRESS: 9425 Penfield Ave.
CITY AND ZIP CODE: Chatsworth, CA 91311
BRANCH NAME: Chatsworth Courthouse

CASE NAME:
CHABELA, et al. v. AUTOZONERS LLC, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER:<br>21CHCV00918 |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09)<br>☐ Insurance coverage (18) | ☐ Mass tort (40)<br>☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ✓ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ✓ punitive
4. Number of causes of action (specify):
5. This case ☐ is  ✓ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 2, 2021
EDGAR MARTIROSYAN, ESQ.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**Attachment A - Page 000068**

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**Attachment A - Page 000069**

| SHORT TITLE: CHABELA, ET AL. V. AUTOZONERS LLC, ET AL. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable<br>Reasons - See Step 3 |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury Property Damage Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**Attachment A - Page 000070**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| CHABELA, ET AL. V. AUTOZONERS LLC, ET AL. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Item |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE CHABELA, ET AL, V. AUTOZONERS LLC, ET AL. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Requested Procedures |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

Attachment A - Page 000072

| SHORT TITLE: CHABELA, ET AL, V. AUTOZONERS LLC, ET AL. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| | ADDRESS: | |
|---|---|---|
| REASON: | 13200 Osborne St. | |
| ☐1.☐2.☐3.☐4.☐5.☐6.☐7.☐8.☐9.☐10.☐11. | | |

| CITY | STATE: | ZIP CODE: |
|---|---|---|
| Pacoima | CA | 91331 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: December 2, 2021 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| LACIV 109 (Rev 2/16) | CIVIL CASE COVER SHEET ADDENDUM | Local Rule 2.3 |
|---|---|---|
| LASC Approved 03-04 | AND STATEMENT OF LOCATION | Page 4 of 4 |

Attachment A - Page 000073

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**
Chatsworth Courthouse
9425 Penfield Avenue, Chatsworth, CA 91311

## NOTICE OF CASE ASSIGNMENT
## UNLIMITED CIVIL CASE

Your case is assigned for all purposes to the judicial officer indicated below.

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**12/02/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Vargas _____ Deputy

CASE NUMBER:
21CHCV00918

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Stephen P. Pfahler | F49 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record   Sherri R. Carter, Executive Officer /, Clerk of Court

on 12/03/2021 _____
(Date)

By M. Vargas _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

**Attachment A - Page 000074**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.