1  EVAN R. MOSES, CA Bar No. 198099
   evan.moses@ogletree.com
2  OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.
3  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
4  Telephone:  213-239-9800
   Facsimile:   213-239-9045
5
   GRAHAM M. HOERAUF, CA Bar No. 307649
6  graham.hoerauf@ogletree.com
   OGLETREE, DEAKINS, NASH, SMOAK &
7   STEWART, P.C.
   Park Tower, Fifteenth Floor
8  695 Town Center Drive
   Costa Mesa, CA  92626
9  Telephone:  714-800-7900
   Facsimile:   714-754-1298
10
   Attorneys for Defendants AUTOZONERS LLC
11 and AUTOZONE DEVELOPMENT LLC

12 EDGAR MARTIROSYAN, ESQ.
   AZNIV KSACHIKYAN, ESQ.
13 MARTIROSYAN, P.C.
   601 S. Glenoaks Blvd., Suite 201
14 Burbank, CA  91502
   Telephone:  (818) 528-2700
15 Facsimile:   (818) 528-8704
   Email:       em@mpclegal.com
16              ak@mpclegal.com

17 Attorneys for Plaintiffs
   WHITNEY ALONDRA CHABELA and DIANA VEGA
18

19                 **UNITED STATES DISTRICT COURT**

20                 **CENTRAL DISTRICT OF CALIFORNIA**

| 21 | WHITNEY ALONDRA CHABELA, an individual; DIANA VEGA, an Individual, | Case No. 2:22-cv-00280-GW (ASx) |
|---|---|---|
| 22 | | **STIPULATION TO SUBMIT MATTER TO ARBITRATION AND STAY PROCEEDINGS** |
| 23 | Plaintiffs, | |
| 24 | v. | Complaint Filed: December 2, 2021 |
| 25 | AUTOZONERS LLC, a Limited Liability Company; AUTOZONE DEVELOPMENT LLC, a Limited Liability Company; and DOES 1-50, | Trial Date:         None |
| 26 | | District Judge:     Hon. George H. Wu |
| 27 | | Magistrate Judge: Hon. Alka Sagar |
| 28 | Defendants. | |

Case No. 2:22-cv-00280-GHW-AS

49760571_1.docx    STIPULATION TO SUBMIT MATTER TO ARBITRATION AND STAY PROCEEDINGS

1    Plaintiffs Whitney Alondra Chabela ("Chabela") and Diana Vega ("Vega")
2 (collectively "Plaintiffs") and Defendants Autozoners LLC and AutoZone
3 Development LLC ("Autozone") hereby stipulate and agree as follows:
4    1.    On or about January 3, 2020, Vega and AutoZone entered into a written
5 arbitration agreement entitled "Dispute Resolution 16.1" ("Agreement").  A true and
6 correct copy of the Agreement is attached as **Exhibit A**.  AutoZone contends that the
7 Agreement entered into by Vega includes a waiver of class, collective, and
8 representative actions, and that it requires Vega to arbitrate employment-related
9 disputes with AutoZone on an individual basis.
10   2.    On or about February 1, 2021, Chabela and AutoZone entered into a
11 written arbitration agreement entitled "Dispute Resolution 16.1," which is an identical
12 version of the agreement entered into by Vega ("Agreement.")  AutoZone contends
13 that the Agreement entered into by Chabela includes a waiver of class, collective, and
14 representative actions, and that it requires Chabela to arbitrate employment-related
15 disputes with AutoZone on an individual basis.
16   2.    On December 2, 2021, Plaintiffs filed an action against AutoZone in Los
17 Angeles County Superior Court (Case No. 21CHCV00918), alleging employment-
18 related causes of action. (ECF No. 1-1, pp. 4-21.)  On January 12, 2022, AutoZone
19 filed its Answer denying Plaintiffs' claims. (ECF 1-3, pp. 2-12.)  On January 13, 2022,
20 AutoZone removed the matter to this Court. (ECF No. 1.)
21   3.    The Parties have agreed that Plaintiffs will stay the action pending in this
22 Court and submit all their claims to final and binding arbitration on an individual basis
23 only, pursuant to the terms of the Agreement.
24   NOW, THEREFORE, PLAINTIFFS AND AUTOZONE HEREBY
25 STIPULATE AND AGREE as follows:
26   1.    Chabela will submit her claims to final and binding arbitration on an
27         individual basis only, pursuant to the terms of the Agreement.
28

2. Vega will submit her claims to final and binding arbitration on an individual basis only, pursuant to the terms of the Agreement.

3. The above-captioned action is stayed pending the outcome of the individual arbitration proceedings.

IT IS SO STIPULATED.

DATED: January 26, 2022   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Graham Hoerauf*[1]
Evan R. Moses
Graham M. Hoerauf

Attorneys for Defendants AUTOZONERS LLC and AUTOZONE DEVELOPMENT LLC

DATED: January 26, 2022   MARTIROSYAN, P.C.

By: /s/ *Edgar Martirosyan*
Edgar Martirosyan
Azniv Ksachikyan

Attorneys for Plaintiffs
WHITNEY ALONDRA CHABELA and DIANA VEGA

---

[1] I attest that all of the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

# CERTIFICATE OF SERVICE

Case No. Case No. 2:22-cv-00280-GW (ASx)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On January 26, 2022, I served the following document(s):

**STIPULATION TO SUBMIT MATTER TO ARBITRATION AND STAY PROCEEDINGS**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:
☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

☒     **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☐     **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒     **(Federal)**     I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐     **(Federal)**     I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 26, 2022, at San Diego, California.

*/s/ Pamela Blanton*
_____
Pamela Blanton

# SERVICE LIST

| | |
|---|---|
| Edgar Martirosyan, Esq.<br>Azniv Ksachikyan, Esq.<br>MARTIROSYAN, P.C.<br>601 S. Glenoaks Blvd., Suite 201<br>Burbank, CA  91502<br>Telephone:  (818) 528-2700<br>Facsimile:  (818) 528-8704<br>Email:    em@mpclegal.com<br>        ak@mpclegal.com | Attorney for Plaintiffs<br>Whitney Alondra Chabela and Diana Vega |

# EXHIBIT A

# AutoZone Dispute Resolution Agreement 16.1

**Haz clic aquí** para ver o imprimir el documento en español. (**Click here** to view or print the document in Spanish.) Nota, la versión en inglés de este documento es la que rige. *(Note, the English version of this document controls.)*

### Applicability

This document does not apply to AutoZoners whose original hire date is prior to November 1, 2011 and who have opted out of AutoZone's Dispute Resolution Agreement 2011.

### Introduction

This Dispute Resolution Agreement (Agreement) is intended to provide a timely and fair procedure for you ("AutoZoner") and AutoZone to resolve disputes that arise out of your employment. AutoZoners are encouraged to initially address any concerns, questions, complaints and disputes through AutoZone's Respect in the Workplace Reporting procedure or Problem Solving Procedure, and this Agreement is not intended to be a substitute for the utilization of these procedures. Reference: Policy Center/Handbook

### Arbitration Requirement

Except as otherwise noted, this Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial.

### Applicable Law

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. Section 1 et seq. and is a transaction involving commerce.

### Applicable Disputes

This Agreement applies to any dispute arising out of or related to AutoZoner's employment with AutoZone or one of its affiliates, subsidiaries or parent companies or termination of employment.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law. Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of the Agreement or any portion of the Agreement. The Agreement also applies, without *limitation*, to disputes regarding the employment relationship, any city, county, state or federal wage- hour law, trade secrets, unfair competition, compensation, meal periods and rest breaks, uniform maintenance, training, termination, retaliation, or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Genetic Information Non-Discrimination Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims (excluding workers compensation, state disability insurance and unemployment insurance claims).

### Administrative Claims

Claims may be brought before an administrative agency but only to the extent applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp). Nothing in this Agreement shall be deemed to



EXHIBIT A
PAGE 7

# AutoZone Dispute Resolution Agreement 16.1

preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration.

### Disputes Not Covered

Disputes that may not be subject to pre-dispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203), as well as the California Private Attorney General Act (PAGA), are excluded from the coverage of this Agreement.

### Fee Responsibility

Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, in all cases where required by law, AutoZone will pay the arbitrator's and arbitration fees. If under applicable law AutoZone is not required to pay all of the arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with applicable law, and any disputes in that regard will be resolved by the arbitrator.

### Arbitrator Selection

The arbitrator shall be selected by mutual agreement of AutoZone and the AutoZoner. Unless the AutoZoner and AutoZone mutually agree otherwise, the arbitrator shall be an attorney licensed to practice in the location where the arbitration proceeding will be conducted or a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted. If for any reason the parties cannot agree to an arbitrator, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral arbitrator. The court shall then appoint an arbitrator, who shall act under this Agreement with the same force and effect as if the parties had selected the arbitrator by mutual agreement.

### Arbitration Location

The location of the arbitration proceeding shall be no more than 45 miles from the place where the AutoZoner last worked for AutoZone, unless each party to the arbitration agrees in writing otherwise. If the AutoZoner no longer resides in the general geographical vicinity where he or she last worked for AutoZone, the AutoZoner and AutoZone shall agree to a location of the arbitration within 45 miles of where the AutoZoner resides.

### Demand for Arbitration

A demand for arbitration must be in writing and delivered by hand or first class mail to the other party within the applicable statute of limitations period. Any demand for arbitration made to AutoZone shall be provided to AutoZone Legal Department, P. O. Box 2198, Memphis, TN 38101-9842. The arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.

### Parties' Rights During Arbitration

In arbitration, the parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the arbitrator.

### Post Arbitration

Within 30 days of the close of the arbitration hearing, any party will have the right to prepare, serve on the other party and file with the arbitrator a brief. The arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to



EXHIBIT A
PAGE 8

# AutoZone Dispute Resolution Agreement 16.1

those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the arbitrator, and no remedies that otherwise would be available to an individual in a court of law will be forfeited by virtue of this Agreement. The arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. Except as may be permitted or required by law, as determined by the arbitrator, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration. The arbitrator shall not have the power to commit errors of law or legal reasoning.

### Class Action Waiver

**There will be no right or authority for any dispute to be brought, heard or arbitrated as a class, collective or representative action ("Class Action Waiver"), and this Class Action Waiver means neither party will have the right to participate in or be a representative plaintiff in a class, collective or representative action.**

Notwithstanding any other clause contained in this Agreement, the preceding sentence shall not be severable from this Agreement in any case in which the dispute to be arbitrated is brought as a class, collective or representative action.

Although an AutoZoner will not be retaliated against, disciplined or threatened with discipline as a result of his or her exercising his or her rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum, AutoZone may lawfully seek enforcement of this Agreement and the Class Action Waiver under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims. Notwithstanding any other clause contained in this Agreement, any claim that all or part of the Class Action Waiver is unenforceable, unconscionable, void or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator.

### No Retaliation

It is against AutoZone's policy for any AutoZoner to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If any AutoZoner believes that he or she has been retaliated against by anyone at AutoZone, the AutoZoner should immediately report this to the Human Resources department.

### Enforceability of the Agreement

This Agreement is the full and complete agreement relating to the formal resolution of employment-related disputes.

Except as stated above regarding the Class Action Waiver, in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. If the Class Action Waiver is deemed to be unenforceable, AutoZone and AutoZoner agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.

### Acknowledgement of Receipt

I apply my electronic signature in AutoZone Policy Center to
- confirm that I have received the Dispute Resolution Agreement, and



EXHIBIT A
PAGE 9

## AutoZone Dispute Resolution Agreement 16.1

- agree to be bound by the terms in the Agreement.

**Questions?**

Direct questions about dispute resolution to your manager/supervisor, HR or AutoZoner Relations.

EXHIBIT A

PAGE 10